[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 660.]

THE STATE OF OHIO, APPELLEE, *v*. ESPARZA, APPELLANT.

[Cite as *State v. Esparza*, 1996-Ohio-233.]

*Criminal law—Judge who rules on a Crim.R. 16(B)(1)(e) motion may not conduct the trial—Violation of rule not reversible error.*

(No. 95-1330—Submitted December 12, 1995—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Lucas County, No. L-84-225.

_____

{¶ 1} Appellant, Gregory Esparza, was convicted of aggravated murder and sentenced to death. The Court of Appeals for Lucas County affirmed his conviction and sentence. *State v. Esparza* (Aug. 22, 1986), Lucas App. No. L-84-225, unreported. This court affirmed the court of appeals' judgment. *State v. Esparza* (1988), 39 Ohio St.3d 8, 529 N.E.2d 192.

{¶ 2} On June 30, 1993, Esparza filed in the court of appeals a motion for delayed reconsideration of his direct appeal, alleging ineffective assistance of appellate counsel. On July 27, 1994, the court of appeals granted Esparza's motion in part, reinstating his appeal for the limited purpose of considering his second assignment of error. That assignment of error involved the following facts:

{¶ 3} Before Esparza's trial, the prosecutor certified to the trial court that one of the state's potential witnesses might be subjected to physical harm if her name and address were disclosed to the defense. The trial judge held an *ex parte* hearing on the matter under Crim.R. 16(B)(1)(e). At that hearing, the prosecutor informed the court that Esparza's girlfriend had relevant testimony but was afraid Esparza's brothers would harm her and her child if she testified. The prosecutor

submitted Esparza's criminal record and other evidence indicating Esparza's penchant for violence against his girlfriend and others.[1]

{¶ 4} After receiving that information and ruling on the state's request for relief from discovery, the trial judge did not recuse himself, but proceeded to preside over Esparza's trial. We later held, in *State v. Gillard* (1988), 40 Ohio St.3d 226, 533 N.E.2d 272, paragraph one of the syllabus: "When the state seeks to obtain relief from discovery *** under Crim.R. 16(B)(1)(e), the judge who disposes of such a motion may not be the same judge who will conduct the trial."

{¶ 5} On the reinstated appeal, Esparza argued that the trial judge had committed reversible error by continuing to preside over the trial. The court of appeals held that the trial judge had erred, but found the error nonprejudicial. Thus, the court reaffirmed Esparza's conviction. The cause is now before this court upon an appeal as of right.

————————————

*Anthony G. Pizza*, Lucas County Prosecuting Attorney, *George J. Conklin* and *Craig T. Pearson*, Assistant Prosecuting Attorneys, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Randall Porter* and *John B. Heasley*, Assistant Public Defenders, for appellant.

*Sirkin, Pinales, Mezibov & Schwartz* and *Martin S. Pinales*, urging reversal for *amicus curiae*, National Association of Criminal Defense Lawyers.

————————————

*Per Curiam.*

---

1. The evidence included an assault complaint filed against him by his girlfriend, a temporary protective order and journal entry of conviction from a domestic violence case in which his girlfriend had been the victim, a statement by Esparza's sister recounting how Esparza and his brother Peter had threatened her, and a police report stating that Esparza had threatened police officers in jail. The prosecutor also submitted Peter Esparza's criminal record, showing that he had been charged with, but not convicted of, aggravated robbery and breaking and entering.

**{¶ 6}** In this appeal, Esparza presents four propositions of law. Finding none meritorious, we affirm.

I

**{¶ 7}** In *State v. Gillard*, *supra*, we held that the judge who rules on a Crim.R. 16(B)(1)(e) motion may not preside over the trial, because such a situation creates "an unnecessary risk that the judge will harbor a bias against th[e] defendant." However, we also specifically held "that violation of the rule we announce today is not *per se* prejudicial." *Gillard*, 40 Ohio St.3d at 229, 533 N.E.2d at 276. In his first proposition of law, Esparza contends that the latter holding was wrong--that a violation of the *Gillard* rule can never be harmless.

**{¶ 8}** In *Arizona v. Fulminante* (1991), 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302, the United States Supreme Court distinguished between two types of constitutional error: "trial error" and "structural error." Trial error "occur[s] during the presentation of the case to the jury, and *** may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt." 499 U.S. at 307-308, 111 S.Ct. at 1264, 113 L.Ed.2d at 330. Structural error affects "the entire conduct of the trial from beginning to end" as well as "the framework within which the trial proceeds." Such errors "defy analysis by 'harmless-error' standards." *Id*. at 309-310, 111 S.Ct. at 1265, 113 L.Ed.2d at 331. Esparza argues that a *Gillard*-type error is structural and therefore is not subject to harmless-error analysis.

**{¶ 9}** We reject Esparza's claim. If the information presented to the judge had instead been improperly presented to the jury, that would clearly be trial error, not structural error. We cannot see why the conclusion would be different, where the information was improperly presented to the judge, who in this case was not even the trier of fact.

**{¶ 10}** But more fundamentally, the trial-error/structural-error distinction is irrelevant unless it is first established that *constitutional* error has occurred. We did

not base our holding in *Gillard* on any constitutional provision, and we do not think a violation of the *Gillard* rule is constitutional error.

{¶ 11} It is true that "the presence on the bench of a judge who is not impartial" is structural constitutional error. *Fulminante*, 499 U.S. at 310, 111 S.Ct. at 1265, 113 L.Ed.2d at 331. Moreover, Esparza cites *In re Murchison* (1955), 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942, 946, which indicates that the mere appearance of bias can violate due process. See, also, *Vasquez v. Hillery* (1986), 474 U.S. 254, 263, 106 S.Ct. 617, 623, 88 L.Ed.2d 598, 609.

{¶ 12} However, Esparza cites no case involving a situation remotely similar to this one. *Murchison*, for instance, is readily distinguishable. There, the defendants were charged with contempt by a judge acting as a "one-man grand jury" under a unique Michigan statute. The very judge who preferred the charges then proceeded to try and convict the defendants. *Murchison* stands for the proposition that the accuser cannot sit as a judge to try the truth or falsity of his own accusation. Similarly, in *Tumey v. Ohio* (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, the appearance of bias existed by virtue of "a system by which an inferior judge is paid for his service only when he convicts the defendant." 273 U.S. at 531, 47 S.Ct. at 444, 71 L.Ed. at 758. We do not think a judge who presides over a trial after hearing a Crim.R. 16(B)(1)(e) motion is in the same constitutional position as a judge who instituted the defendant's prosecution (*Murchison*), much less one who stands to make money from the defendant's conviction (*Tumey*).

{¶ 13} Moreover, *Liteky v. United States* (1994), 510 U.S. ____, 114 S.Ct. 1147, 127 L.Ed.2d 474, held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. at ____, 114 S.Ct. at 1157, 127 L.Ed.2d at 491. Although

*Liteky* involved the interpretation of a federal statute,[2] we doubt that the due process standard is more stringent.

{¶ 14} In *Gillard*, we went beyond the requirements of the Constitution and extended greater protection to defendants purely as a matter of state law. Federal constitutional law does not mandate the *Gillard* rule, and consequently does not govern the application of harmless-error analysis to violations of that rule.

{¶ 15} Esparza further contends that, even if harmless-error analysis is proper here, the error was not in fact harmless. However, we agree with the court of appeals' finding of harmless error. We therefore overrule Esparza's first proposition of law.

II

{¶ 16} In Esparza's second proposition of law, he claims that, when the court of appeals reinstated his appeal, it had a duty to reweigh the aggravating circumstances and mitigating factors, despite already having done so in the original appeal. In his third proposition, Esparza claims he was entitled to an evidentiary hearing on his application to reinstate the appeal. No basis exists for either claim.

{¶ 17} In his final proposition, Esparza argues that his original appellate counsel rendered ineffective assistance by not raising sixteen issues in the court of appeals. We overrule this proposition for the reasons stated in the court of appeals' decision and judgment entry of July 27, 1994.

{¶ 18} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

RESNICK, J., not participating.

_____

---

2. Section 455(a), Title 28, U.S. Code.

**WRIGHT, J., dissenting.**

{¶ 19} I respectfully dissent from the majority opinion in this matter. I joined my former colleague, Justice Herbert Brown, in his dissent in Esparza's original appeal, *State v. Esparza* (1988), 39 Ohio St.3d 8, 16, 529 N.E.2d 192, 200. Furthermore, I think the error raised by appellant in his first proposition of law is a "structural error," rendering a harmless-error analysis inappropriate. *Arizona v. Fulminante* (1991), 499 U.S. 279, 309, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302, 331.

_____