DECISION AND JUDGMENT ENTRY
Jennifer Lee Goody appeals her conviction for theft. She asserts that she was denied due process because the judge was biased against her. We disagree because there was no evidence of bias, only that the trial court did not agree with Goody's legal theories. She also asserts that the Gallipolis Municipal Court erred by failing to grant her motion for acquittal because there was insufficient evidence for a conviction. We disagree because the record contains sufficient evidence upon which a rational trier of fact could determine that the state proved the elements of theft beyond a reasonable doubt. Goody also argues that her conviction was against the manifest weight of the evidence. We disagree because the trial court did not lose its way or create a manifest miscarriage of justice by convicting Goody. Accordingly, we affirm the judgment of the trial court.
 I.
Goody was an employee of U.S. Cellular and operated a booth inside the Wal-Mart store in Gallipolis. The booth is located just inside the doors and is situated so that customers, to exit the store, must pass through the cash registers to get to the booth. On January 17, 1999, she was working at her booth. About thirty minutes before she was scheduled to close, she walked past the registers and into the store to shop. Donald Slone, a Wal-Mart loss prevention officer, began following her. She selected two videotaped movies from the electronics department and, with the tapes in hand, continued shopping. Eventually she picked up a bottle of shampoo-in hair coloring and walked to the cash registers. She paid for the hair coloring and walked past her booth and out of the store. When Goody was about five feet out the door, Slone and Jeanie Sheppard, another Wal-Mart employee, confronted Goody and she produced the movies from her purse. Slone and Sheppard escorted Goody to the rear of the store, where she was arrested.
Slone and Goody testified at Goody's trial. Goody testified that she put the movies into her purse because she was having trouble carrying them due to a wrist injury. Goody claimed that she then accidentally left the store without paying because forgot that she had put the movies in her purse.
At the end of the trial, the court focused on the credibility of the two witnesses, indicated that Goody's testimony was not credible, and found her guilty.
Goody appeals her conviction, asserting the following assignments of error for our review:
 I. THE GALLIPOLIS MUNICIPAL COURT JUDGE, WILLIAM S. MEDLEY, EXHIBITED ON NUMEROUS OCCASIONS DURING THE TRIAL OF THIS MATTER, A LACK OF UNDERSTANDING OF CERTAIN BASIC FUNDAMENTAL PRINCIPLES OF LAW THAT OPERATED TO DENY THE DEFENDANT/APPELLANT, JENNIFER GOODY, DUE PROCESS AND EQUAL PROTECTION OF THE LAW, BY HIS BIAS AND PREJUDICE TOWARDS CRIMINAL DEFENDANTS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY DENYING OR OVERRULING AT LEAST TEN MOTIONS FOR DISMISSAL OR ACQUITTAL MADE REPEATEDLY BY DEFENSE COUNSEL DURING THE TRIAL OF THIS MATTER.
 III. THE TRIAL COURT'S FAILURE TO UNDERSTAND ELEMENTS OF THE OFFENSE OF THEFT AND THE DIFFERENCE OF STRICT LIABILITY CRIMES AS OPPOSED TO CRIMES WHICH REQUIRE SOME DEGREE OF INTENT WAS PREJUDICIAL TO THIS DEFENDANT AND PREVENTED HER FROM HAVING A FAIR TRIAL.
 II.
In her first assignment of error, Goody argues that her due process rights were violated because the trial judge does not understand basic fundamentals of criminal law and is biased against criminal defendants.
The "`presence on the bench of a judge who is not impartial' is a structural constitutional error." State v. Esparza (1996),74 Ohio St.3d 660, citing Arizona v. Fulminante (1991) 499 U.S. 279. But it is well established that mere disagreement or dissatisfaction with a judge's rulings of law does not constitute bias or prejudice. In re Disqualification of Murphy
(1988), 36 Ohio St.3d 605. Rulings of a legal nature are subject to appeal and do not establish the existence of bias or prejudice on behalf of a judge unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Liteky v. United States (1994), 510 U.S. 540.
Goody seems to assert that the fact that the trial judge did not believe her testimony proves that he is biased against criminal defendants. We will not jump to that conclusion. The trial judge, as the trier of fact, is free to believe all, part, or none of the testimony of the witnesses who appear before it.State v. Nichols (1993), 85 Ohio App.3d 65, 76. There is no evidence in the record of any favoritism or bias.
We find no merit to Goody's assertion that the trial judge was biased or prejudiced and overrule her first assignment of error.
 III.
In her second assignment of error, Goody argues that her conviction is not supported by sufficient evidence.
When we review the sufficiency of the evidence, we must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Section 545.05 of the Codified Ordinances of the City of Gallipolis prohibits any person, with purpose to deprive the owner of property, from knowingly obtaining or exerting control over the property without the consent of the owner or other person authorized to give consent.
While the state was unable to present any direct evidence as to Goody's intent to deprive Wal-Mart of the movies, it did present circumstantial evidence to prove this essential element of the offense. Circumstantial evidence and direct evidence inherently possess the same probative value, even with respect to essential elements of an offense. See State v. Jenks (1991),61 Ohio St.3d 259, 263-264. Certain elements, such as intent, often can only be established by circumstantial evidence. Id.
at 272. Because an accused's intent exists only in his or her mind and is not ascertainable by another, it cannot be proven by direct testimony of another person but must be determined from the surrounding facts and circumstances. State v. Flowers (1984),16 Ohio App.3d 313, citing State v. Huffman (1936),131 Ohio St. 27. See, also, State v. Seiber (1990),56 Ohio St.3d 4. Therefore, the intent to do an act may be inferred from the doing of the act. State v. Rojas (1992),64 Ohio St.3d 131. Additionally, circumstantial evidence can be used to support a conviction "even if that evidence is reconcilable with a reasonable theory of innocence." In re Lame,
(Sept. 25, 1998), Portage App. Nos. 96-P-0265, 96-P-0266, and 96-P-0267, unreported; State v. Singletary, (Aug. 26, 1994), Ashtabula App. No. 93-A-1786, unreported. See, also, Jenks at paragraph one of the syllabus.
Goody's own testimony that she put the movies in her purse and took them out of the store without paying for them combined with Slone's testimony that no one had given her consent to take the movies is sufficient evidence, if believed, to prove that Goody intentionally took the movies from Wal-Mart without permission. Accordingly, we find that Goody's conviction is supported by sufficient evidence and overrule her second assignment of error.
 IV.
In her third assignment of error, Goody argues that her conviction is against the manifest weight of the evidence because her testimony that she simply forgot to pay for the movies was credible.
In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175.
After reviewing the entire record, we find that the trial court did not clearly lose its way and create a manifest miscarriage of justice by not believing Goody's testimony. Goody seems to be under the impression that her testimony concerning her intent, standing uncontradicted, is somehow conclusive proof that she mistakenly took the movies out of the store without paying for them. We disagree. The credibility of Goody's testimony was an issue to be resolved by the trial court, as a trier of fact. See, e.g., State v. Frazier (1995), 73 Ohio St.3d 323,339. The trial court, as trier of fact, was free to believe all, part, or none of Goody's testimony. Nichols, supra. The mere fact that no contradictory testimony concerning Goody's intent was presented did not, ipso facto, require the trial court to accept Goody's testimony. See State v. Caldwell (1992),79 Ohio App.3d 667, 680.
Because we find that the trial court did not clearly lose its way or create a manifest miscarriage of justice by not believing Goody's testimony, her conviction is not against the manifest weight of the evidence. Accordingly we overrule her third assignment of error.
 V.
In conclusion, we overrule all of appellant's assignments of error, and affirm her conviction.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
For the Court
 BY: ______________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.