OPINION
Appellant, Mr. James Cominsky, appeals the judgment entry of the Lake County Court of Common Pleas, finding him in criminal contempt of an injunction previously issued by the court.
On October 9, 1998, the trial court issued an injunction against appellant and in favor of appellee, Diane Malner ("Malner"), and appellees, Andrew and Sylvia Aljancic ("the Aljancics"). The injunction ordered appellant to refrain from threatening, abusing, annoying, harassing, intimidating, telephoning, or having any contact with Malner or the Aljancics. On March 12, 1999, a joint motion to show cause was filed by Malner and the Aljancics on the basis that appellant had violated the injunction by initiating telephone contact with them.
At a hearing held by the lower court on June 17, 1999, testimony was presented by Malner and the Aljancics concerning the fact that it was appellant who had called them. Also, Malner introduced audio recordings of appellant having telephoned her not less than seventeen times. On June 18, 1999, the trial court issued a judgment entry finding appellant in contempt of the previous injunction that was issued.
The trial court sentenced appellant to a definite term of incarceration of thirty days and a fine in the amount of $250, plus costs and attorney fees, for contacting Malner. The lower court further sentenced appellant to an additional term of incarceration for thirty days, a fine in the sum of $250, plus costs and attorney fees for contacting the Aljancics. Finally, the sentences were ordered to run consecutive, commencing on June 18, 1999. Appellant has served thirty days of incarceration on his sentence.
Appellant now timely appeals the trial court's judgment entry, raising the following assignments of error:
 "[1.] [The] trial court failed to provide written notice of the contempt charges.
 "[2.] The finding of contempt as to the Aljancics' claim was against the manifest weight of the evidence.
 "[3.] The finding of contempt as to Malner's claim was against the manifest weight of the evidence.
 "[4.] The trial court's reliance on appellant's failure to deny the claim against him violated appellant's constitutional right against self-incrimination.
 "[5.] Under the circumstances of this case, the trial judge could not impartially judge the charges of contempt."
In his first assignment of error, appellant contends that the court failed to independently notify appellant of the contempt charges, which mandates that his contempt conviction be reversed. Appellant further asserts that the notice requirement is mandatory pursuant to R.C. 2705.03.
In Cincinnati v. Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197, paragraph two of the syllabus, the Supreme Court of Ohio held that "[n]otice which apprises the defendant of the nature of the charge against him so that he may prepare a defense is sufficient to comply with the requirements of R.C. 2705.03." In that case, there was sufficient notice under the statute because the show cause order identified the nature of the proceeding and the reason for the proceeding. Id. at 203.
Additionally, it is a general rule that an appellate court will not consider any error which could have been called to the trial court's attention "at a time when such error could have been avoided or corrected by the trial court." State v. Childs (1968), 14 Ohio St.2d 56, paragraph three of the syllabus.
In the instant matter, the joint motion to show cause filed by Malner and the Aljancics constituted appropriate notice under R.C. 2705.03
pursuant to the holding in Cincinnati. Moreover, appellant failed to object to any alleged lack of notice before the trial court, when such error could have been corrected. Accordingly, appellant's first assignment of error is without merit.
In the second assigned error, appellant avers that the trial court's finding of contempt against him for having allegedly contacted the Aljancics was against the manifest weight of the evidence. The standard of proof to be applied by the finder of fact to the elements of a criminal contempt charge is proof beyond a reasonable doubt. Brown v.Executive 200, Inc. (1980), 64 Ohio St.2d 250, syllabus. Specifically, appellant claims that the testimony by Mrs. Aljancic that she picked up the telephone and heard appellant's voice on the other end was not enough to find him in contempt of the injunction beyond a reasonable doubt. We disagree.
Upon direct examination, Sylvia Aljancic testified:
 "Q. Now let me draw your attention to the evening of March 3rd of 1999, did anything unusual happen that evening?
"A. Yes, I got a telephone call. Nobody spoke.
"Q. Nobody spoke?
"A. No.
"Q. Did you hear anything?
"A. Yes, I heard him breathing, Jim breathing.
"Q. And how do you know it was Jim?
 "A. Because I had spoke to him other times before all this trouble started.
"Q. And have you heard sounds that were similar to those?
"A. Yes.
"Q. And when have you heard sounds that were similar to those?
"A. You mean previous to this call?
"Q. Previous to this call.
"A. Well, I don't know the exact dates or months.
"Q. Okay.
"A. But when things were on friendly terms.
 "Q. Okay. And when you heard sounds that were similar to those sounds who was making those sounds?
"A. Well, I don't know. I personally think it was Jim Cominsky.
 "Q. Now then let me draw your attention to the evening of March 4th of 1999, did anything unusual happen on that date?
"A. Yes, I got a call again.
"Q. You got a call again?
 "A. And it was Jim, he spoke, and usually when he calls I hang up. Well, I couldn't get to the cradle of the phone fast enough and what he said is it's all coming together now.
"Q. Okay.
"A. And by that time I hung up but it was Jim.
"Q. Okay. And how did you recognize his voice?
 "A. Well, I spoke to him other times on the phone and I know it was him."
There were two incidents at issue in this finding of contempt. The first occurred on March 3, 1999. As to that incident, Mrs. Aljancic's testimony that she could identify appellant by the sound of his breathing was insufficient to make an identification that would support a finding of contempt. However, she testified to a second incident on March 4, 1999, during which appellant said "[I]t's all coming together now." When asked how she recognized his voice, Mrs. Aljancic responded "[w]ell, I spoke to him other times on the phone and I know it was him." This evidence was sufficient to provide proof beyond a reasonable doubt that appellant violated the trial court's injunction against contacting the Aljancics. Therefore, appellant's second assignment of error is without merit.
In his third assignment of error, appellant alleges that finding him in contempt of the injunction for having telephoned Malner also was against the manifest weight of the evidence. In this assignment, appellant states that the decision was against the manifest weight of the evidence, because, although he stipulated to making seventeen phone calls to her, he did not intend to violate the court's injunction. He argues that he merely intended to glean financial information which only Malner possessed, and did not call in order to offend the court or Malner.
However, contrary to appellant's argument, the stipulation by him that he made at least seventeen telephone calls to Malner constitutes an admission that he violated the injunction issued on October 9, 1998, which expressly stated that he could not telephone Malner. The injunction precluded appellant from threatening, abusing, annoying, harassing, intimidating, telephoning, or having any contact with Malner. The use of the previous terms is disjunctive, meaning that merely telephoning Malner violated the injunction. Thus, appellant's third assignment of error is without merit.
In the fourth assigned error, appellant posits that the trial court relied on appellant's failure to deny the claim against him, that he made the telephone calls, when it found him in contempt. Appellant avers that such reliance violated his constitutional right against self-incrimination.
As to Mrs. Aljancic's claim of appellant's violation of the court order, the fact that appellant failed to deny the testimony, that we have held did not amount to proof beyond a reasonable doubt, does not add any more sufficient proof. However, there was overwhelming evidence presented that appellant contacted Malner. As to Malner, we find appellant's fourth assignment of error is without merit.
In advancing his fifth assignment of error, appellant alleges that the trial judge could not impartially judge the charges of contempt since the trial judge was aware of taped conversations in which he stated that the previous proceedings before the trial court were "crooked" and the decision was "fixed."
The presence on the bench of a judge who is not impartial "is structural constitutional error." State v. Esparza (1996),74 Ohio St.3d 660, 662. Indeed, "the mere appearance of bias can violate due process." Id.
In the instant matter, there has been no indication that the trial judge was biased or partial. Although the judge was aware of the substance of the conversation contained in the tape recordings, we cannot conclude on the evidence that the judge was partial or biased in dealing with appellant's contempt proceeding.
For the foregoing reasons, the judgment of the trial court is affirmed.
 __________________________ NADER, J.
CHRISTLEY, P.J., concurs, DONOFRIO, J., Ret., Seventh Appellate District, sitting by assignment, dissents with dissenting opinion.