THE STATE OF OHIO, APPELLEE, *v.* EVANS, APPELLANT.

[Cite as *State v. Evans,* 102 Ohio St.3d 240, 2004-Ohio-2659.]

(Nos. 2003–0083 and 2003–0319—Submitted December 3, 2003—Decided June 9, 2004.)

O'CONNOR, J.

{¶ 1} The Court of Appeals for Franklin County has certified the issue before us as follows: "If a trial court properly imposes the maximum sentence on a first-time offender pursuant to the requirements in R.C. 2929.14(C), does the 'except as provided in division (C)' language contained in R.C. 2929.14(B) relieve the court from the requirements under R.C. 2929.14(B) regarding minimum sentences?"  See 98 Ohio St.3d 1508, 2003-Ohio-1572, 786 N.E.2d 60.  Put differently, we are to determine whether a court must make R.C. 2929.14(B) findings that justify exceeding the minimum prison term and then make R.C. 2929.14(C) findings that justify the maximum prison term before the court can lawfully

impose the maximum sentence upon an offender who has no history of imprisonment.

{¶ 2} Following a multiple-count indictment, D'Metri Evans pled guilty in 2002 to attempted felonious assault, a third-degree felony in violation of R.C. 2903.11 and 2923.02. The charges stemmed from Evans's repeated shooting of Jamar Whatley during a drug transaction.

{¶ 3} The common pleas court sentenced Evans to five years' imprisonment, which is the maximum sentence available for his offense. R.C. 2929.14(A)(3). The court, in compliance with R.C. 2929.14(C), found that the maximum sentence was appropriate because Evans "is the worst form of the offender who poses the greatest likelihood of committing future crimes." The court did not, however, explicitly find any R.C. 2929.14(B) factors, which concern deviation from the minimum penalty.

{¶ 4} Upon Evans's appeal, the Court of Appeals for Franklin County held that findings that permit exceeding the minimum sentence were not required because the sentencing court made proper findings regarding imposition of the maximum sentence.

{¶ 5} The cause is now before this court pursuant to the acceptance of a discretionary appeal in case No. 2003–0083 and upon our determination that a conflict exists in case No. 2003–0319. For the reasons that follow, we affirm.

{¶ 6} R.C. 2929.14(B) states: "*Except as provided in division (C) * * * of this section * * *, * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:*

{¶ 7} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

{¶ 8} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)

{¶ 9} R.C. 2929.14(C) provides: "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."

{¶ 10} Evans emphasizes the Revised Code's preference for minimum sentences for offenders with no history of imprisonment, see *State v. Edmonson*

(1999), 86 Ohio St.3d 324, 325, 715 N.E.2d 131, and thus theorizes that R.C. 2929.14 requires courts to engage in a graduated process of first considering the minimum sentence, pursuant to R.C. 2929.14(B), and then considering a longer sentence only if the minimum sentence is inapplicable. Evans infers support for his position from an isolated statement in *Edmonson*, 86 Ohio St.3d at 325, 715 N.E.2d 131, that a court must make R.C. 2929.14(B) findings unless it imposes the shortest term.

{¶ 11} Edmonson, like Evans, had no history of imprisonment, was convicted of a single offense, and was sentenced to the maximum term of imprisonment. Unlike Evans, however, who focuses on the interplay between R.C. 2929.14(B) and (C), Edmonson brought distinct challenges to whether R.C. 2929.14(B) and (C) require explicit findings. In separate sections, we answered Edmonson's questions in the affirmative.

{¶ 12} Evans takes *Edmonson* to mean that such findings are always necessary before a nonminimum sentence, including the maximum sentence, may be imposed. Evans, however, reads our statement without proper context. In *Edmonson*, we independently analyzed R.C. 2929.14(B) and (C) without concern for how or whether those divisions interrelate. Further, *Edmonson* does not address, let alone answer, today's question involving the "[e]xcept as provided in division (C)" language.

{¶ 13} Nonetheless, Evans urges that *Edmonson* is persuasive because we did not specifically render R.C. 2929.14(B) findings unnecessary if a court makes R.C. 2929.14(C) findings. Though Evans's assessment is true enough, we also did not require 2929.14(B) findings as a prerequisite for imposing a maximum sentence.

{¶ 14} We acknowledge that Ohio's sentencing guidelines favor minimum sentences for offenders who have no history of imprisonment and generally disfavor maximum sentences. See *Edmonson*, 86 Ohio St.3d at 325, 715 N.E.2d 131. This general principle, however, does not control the issue before us. Rather, the unambiguous language of R.C. 2929.14 is dispositive. See *State v. Lozano* (2001), 90 Ohio St.3d 560, 563, 740 N.E.2d 273, quoting *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 487 N.E.2d 301 (" 'Absent ambiguity, a statute is to be construed without resort to a process of statutory construction' ").

{¶ 15} As we stated in *Edmonson*, R.C. 2929.14(B) generally requires a court to make definite findings in order to lawfully impose a sentence that is greater than the minimum upon offenders with no history of imprisonment. Id., 86 Ohio St.3d at 325, 715 N.E.2d 131. No less definitively, R.C. 2929.14(B) provides an exception to that general requirement if a court finds, pursuant to R.C. 2929.14(C), that a maximum sentence is warranted. Division (B)'s clause "[e]xcept as provided in division (C) * * * of this section" specifically directs a court

away from division (B) when division (C) applies. See *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (holding that by virtue of the clause "[e]xcept as provided in [R.C. 2744.02(B) ]," "[t]he immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute, but is, by its express terms, subject to the five exceptions [found in R.C. 2744.02(B) ]"); see, also, *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 133, 679 N.E.2d 1109 (stating that R.C. 2744.02[A][1] is not absolute because it includes the clause "[e]xcept as provided in division [B]"). R.C. 2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion.

{¶ 16} Evans urges that his interpretation would honor the intent of 1995 Am.Sub.S.B. No. 2 by achieving uniformity in sentencing via uniformity of approach. See R.C. 181.24(A), directing a revision of Ohio's sentencing structure to achieve uniformity, which revision resulted in the enactment of R.C. 2929.14 in S.B. 2. Certainly, uniformity is an important goal in statutory interpretation and application. Our holding serves this end without disregarding express statutory language. Accordingly, a maximum sentence is properly imposed if the record reveals a proper R.C. 2929.14(C) finding.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

O'DONNELL, J., concurs separately.

---

**O'DONNELL, J., concurring.**

{¶ 17} I concur with the majority for the very simple reason that the plain language of R.C. 2929.14(B) itself states that it is inapplicable when the court chooses to impose a maximum sentence pursuant to division (C). The statutory language in division (B), "Except as provided in division (C) * * * of this section," given its plain ordinary meaning, indicates that division (B) is separate from division (C).

{¶ 18} It is a well-established rule of construction that, in looking to the face of a statute to determine legislative intent, significance and effect should be given to every word, phrase, sentence, and part thereof, if possible. *KeyCorp v. Tracy* (1999), 87 Ohio St.3d 238, 241, 719 N.E.2d 529, quoting *State v. Wilson* (1997), 77 Ohio St.3d 334, 336–337, 673 N.E.2d 1347. Here, significance and effect must be given to the phrase "[e]xcept as provided in division (C) * * * of this section," as is contained in R.C. 2929.14(B). Under the plain meaning of those words, a court

that chooses to impose a maximum sentence under R.C. 2929.14(C) is not required to make any finding under R.C. 2929.14(B).

{¶ 19} In my view, the proper rule to follow in regard to imposing sentence should be as follows: A trial court need not make a finding under R.C. 2929.14(B) to justify a sentence of more than the minimum term of incarceration if the court chooses to impose a maximum term of imprisonment, where the imposition of that maximum sentence is accompanied by the requisite finding under R.C. 2929.14(C), and where that finding is supported by the record.

{¶ 20} Accordingly, I concur with the majority that a trial court is not required to consider or make any findings pursuant to R.C. 2929.14(B) when it imposes a maximum sentence pursuant to R.C. 2929.14(C).

---

Ron O'Brien, Franklin County Prosecuting Attorney, and Susan E. Day, Assistant Prosecuting Attorney, for appellee.

Yeura R. Venters, Franklin County Public Defender, and Paul Skendelas, Assistant Public Defender, for appellant.

Lewis R. Katz; Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging reversal for amici curiae Lewis R. Katz and Cuyahoga County Public Defender.