OPINION
{¶ 1} Defendant, Gary Brewer, appeals from his conviction andsentence for breaking and entering, vandalism, and grand theft.
 {¶ 2} Defendant broke a large glass display window at Kincaid's MusicStore in Springfield, and then stole four guitars valued at over fivethousand dollars. Defendant was indicted on one count of breaking andentering, R.C. 2911.13, one count of vandalism, R.C. 2909.05(B)(1)(a),and one count of grand theft, R.C. 2913.02.
 {¶ 3} Defendant subsequently pled guilty to all of the charges. Thetrial court imposed maximum sentences of one year for breaking andentering, one year for vandalism, and one and one-half years for grandtheft, and ordered the sentences to be served consecutively.
 {¶ 4} Defendant has timely appealed to this court, challengingonly his sentences.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "The trial abused its discretion in imposing punishment inreliance on offenses with which the appellant had never been charged orconvicted."
 {¶ 6} Defendant argues that the trial court abused its discretion whenit considered other offenses for which he had never been charged orconvicted as a basis for the findings the court made to support maximumand consecutive sentences. In imposing the maximum and consecutivesentences the trial court indicated that it had reviewed the presentenceinvestigation report, which includes Defendant's criminal history and avictim impact statement. The court commented extensively upon Defendant'sprior criminal record, which dates back to 1969 and includes many offensessuch as burglary, various theft offenses, assault, attempted aggravatedmurder, kidnaping, and aggravated robbery. The court also noted that thecurrent offenses were committed while Defendant was on parole, and thatDefendant has been sent back to prison for parole violations on threeprevious occasions.
 {¶ 7} The court cited Defendant's extensive criminal record as areason for finding both that Defendant poses the greatest likelihood forcommitting future crimes, which justifies a maximum sentence, R.C.2929.14(C), and found that Defendant's history of criminal conductdemonstrates that consecutive sentences are necessary to protect thepublic from future crime by Defendant, which justifies consecutivesentences. R.C. 2929.14(E)(4)(c).
 {¶ 8} In discussing the victim impact statement the trial courtfurther commented:
 {¶ 9} "And in his statement he says this is the fourth time, Ibelieve, that this has happened to him since this defendant was releasedfrom the penitentiary on parole in October of 2000.
 {¶ 10} "The first break — in was in 2001 and then those break-ins in2002, will, there were three prior to this; and significantly all weredone in exactly the same manner as this offense with Taylor guitars beingstolen from the same rack with the same modus operandi.
 {¶ 11} "I think this is a significant fact in the past history. One ofthe burglaries, the breaking and entering, the culprit cut himself thenon the glass and then in this incident the defendant's wearing socks onhis hands to avoid being cut.
 {¶ 12} "But it does indicate the defendant's pattern or scheme here ofcommitting one crime after another, and I can justify that simply on theconvictions that I've read in the record already." (Sentence T. 9-10)
 {¶ 13} The court's references to prior similar break-ins at Kincaid's Music Store contains facts which appear to have been gleaned from the victim impact statement of the store's owner or operator. There is nothing in this record to connect Defendant Brewer to those events. Therefore, the trial court erred when it considered them. However, Defendant failed to raise this issue or object at sentencing to the court's consideration of uncharged offenses. Thus, Defendant has waived all but "plain error." State v. Wickline (1990), 50 Ohio St.3d 114. Plain error does not exist unless but for the error the outcome of the trial or proceeding clearly would have been different. State v. Long (1978),53 Ohio St.2d 91. This record does not demonstrate that the trial court relied upon those or any other uncharged offenses as the sole basis for the sentence it imposed. To the contrary, in making the statutory findings necessary to support maximum and consecutive sentences, the trial court relied heavily upon Defendant's extensive history of criminal convictions which the court recited in detail. That criminal history provides ample reasons and sufficient support for the court's findings. No prejudicial error, much less plain error, has been demonstrated.
{¶ 14} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "The trial court abused its discretion in determining appellanthad committed the worst form of the offenses with which he was charged."
 {¶ 16} Pursuant to R.C. 2929.14(C), a trial court may impose a maximumsentence only upon offenders who, among other things, either commit theworst form of the offense or pose the greatest likelihood of committingfuture crimes. Courts that impose a maximum sentence must provide reasonsfor doing so. R.C. 2929.19(B)(2)(d) and (e).
 {¶ 17} In imposing maximum sentences in this case on all of theoffenses to which Defendant pled guilty, the trial court stated:
 {¶ 18} "Now, the reason I'm imposing the longest sentence is that Ifind that the defendant did commit the worst form of the offense which Iwould link to his past background, no ability for restitution; and hisown excuse seems to be that he's involved heavily in drugs which does notmitigate in my mind the seriousness of this offense.
 {¶ 19} "Drug programs have not been successful for this defendant. Hehasn't completed them, and so further attempts on that line would be awaste of time.
 {¶ 20} "So I find that he committed the worst form of the offense, andI also find that he poses the greatest likelihood of committing futurecrimes based on his prior history. So I do feel that the maximum term oneach of these charges should be imposed." (Sentence T. 11-12).
 {¶ 21} Defendant argues that in determining that he committed the worst form of the offenses the trial court relied upon improper factors other than the facts and circumstances that comprise each offense, such as Defendant's prior criminal history, his indigency and resulting inability to make restitution, and his drug abuse problems. State v.McDaniel (2001), 141 Ohio App.3d 487. Once again, Defendant failed to object or raise this issue at sentencing and thus we will apply a plain error standard of review.
{¶ 22} The State concedes in its appellate brief that the trial courtrelied upon improper circumstances other than the facts of each crime indetermining that Defendant committed the worst form of the offenses.Nevertheless the State argues, and we agree, that this error is harmlessbecause the trial court additionally made the alternative finding inR.C. 2929.14(C), that Defendant poses the greatest likelihood ofcommitting future crimes, which likewise allows imposition of a maximumsentence. The trial court also gave its reasons for that alternativefinding: Defendant's extensive prior criminal history. R.C 2929.19(B)(2).No prejudicial error, much less plain error, has been demonstrated in thecourt's imposition of maximum sentences.
 {¶ 23} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
Fain, P.J. and Wolff, J., concur.