JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, David Miller, appeals his sentence in two cases. In one case defendant was indicted on one count of felonious assault for stabbing his girlfriend in the neck. In the second case, he was indicted on three counts: felonious assault, child endangering, and domestic violence. He pleaded guilty to the first felonious assault case and also to the child endangering count in the second case. The state agreed to dismiss the remaining counts in exchange for the plea.
 {¶ 2} The trial court sentenced defendant to maximum sentences in both cases and ordered the sentences to run consecutively. Defendant appeals the imposition of the maximum sentences for both convictions as well as the imposition of consecutive sentences. The first assignment of error states:
 {¶ 3} The trial judge erred in sentencing the appellant to maximum sentence [SIC] for the offenses of child endangering R.C. § 2919.22 and Felonious Assault, R.C. § 2903.11.
 {¶ 4} When imposing a sentence, the trial court is required to make findings of fact and give reasons for those findings if it sentences an offender to the maximum sentence. R.C. 2929.14(C) mandates that a trial court impose the maximum sentence only "upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." The requirement for these findings is disjunctive. "R.C. 2929.14(C) findings are alternatives, any of which may justify maximum sentences." State v. Woodland, Wood App. No. WD-03-044, 2004-Ohio-2772, ¶ 31. See also State v. Brewer, Clark App. No. 02CA0057, 2004-Ohio-3397, ¶ 22.
 {¶ 5} A reviewing court will reverse a sentence only if it finds, by clear and convincing evidence, that the sentence is contrary to law or is not supported by the record. R.C. 2953.08;State v. Fannin, Cuyahoga App. No. 80014, 2002-Ohio-4180 at ¶ 154.
 {¶ 6} The court explicitly found that the offenses were "both right at the very top of seriousness for both kind of offenses." Tr. at 35. Defendant concedes that "the nature of these offenses would allow a term of imprisonment greater than the minimum in each instance" and that "the injuries were serious enough for the court to properly find that the minimum time would demean the seriousness of the offense." Appellant's brief at 4. Defendant also concedes that the trial court made all the necessary findings and gave its reasons for imposing maximum and consecutive sentences.
 {¶ 7} Defendant argues, rather, that the record itself does not support the reasons the court articulated. Specifically, he argues his offenses were not the worst forms of the offenses and he is not the worst type of offender for either offense.[1]
 {¶ 8} Defendant argues additionally that the court failed to consider defendant's traumatic childhood and history of mental disorders when it imposed sentence. He fails to point to any law, however, to support his claim that the court should have considered these factors in sentencing. This court need not address any argument where the appellant has failed to support his argument with law. State v. Watson, (1998),126 Ohio App.3d 316, 321.
 {¶ 9} Defendant's felonious assault conviction, for a crime which he argues was not the worst form of the offense, resulted from an argument he had with his girlfriend. He stated at his plea hearing that they were both drunk, that he had been cleaning his fingernails with a knife and, although he says he does not remember doing it, that he stabbed his girlfriend in the neck with the knife. As a result of this stabbing, the girlfriend's face was paralyzed for six months and she was unable to speak. At the time of the sentencing hearing, she was still undergoing speech therapy. By then, she was able to speak, although the record reflects that her voice was raspy and that her speech was still impaired. She also has a visible scar on her neck from the knife wound.
 {¶ 10} In his brief, defendant argues that although the stab wound to the neck was extremely serious, it did not constitute the worst form of the offense. He states that it was less serious than the worst form of felonious assault because it arose as part of a domestic dispute: "This was not a multiple stabbing, or a beating or a stranger attack which occurred in the midst of a burglary, for instance." Appellant's brief at 8. We fail to see how the context made the details of that assault less significant.
 {¶ 11} It is the effect of this stab wound that the court emphasized as its reason for the maximum. The court explained: the victim "suffered a devastating injury which she may live with for the rest of her life, and frankly, there are various kinds of injuries that come through here. What she has demonstrated here today, stands very high, as far as I am concerned, of its seriousness. Her speech is substantially impaired * * *. But here it is, more than ten months after this incident, and she's able to speak only in a very raspy way. * * * She was paralyzed for a while on one side of her face." Tr. at 29-30. We find that the evidence is clear and convincing that this felonious assault was a worst form of the offense for the reasons the trial court stated.
 {¶ 12} Defendant challenges the child endangering conviction on the same basis. Defendant describes the injury as occurring in an attempt to toilet train the two-year-old daughter of another girlfriend. The child had an accident and defendant pulled her by the arm and placed her on the toilet. She suffered a broken arm as a result of his rough treatment. At his plea hearing, defendant stated, "I grabbed her, I grabbed her the wrong way, snatched her up to put her on the toilet and popped her arm out of the socket, and I moved her arm again and it popped again and I took her to the hospital." Tr. at 15. Defendant states that this offense would have been more serious if he had beat the child "for disciplinary purposes or to stop the child from crying, for instance." Appellant's brief at 8. We disagree.
 {¶ 13} The court stated that "both what happened to [the girlfriend] and what happened to this child, are the worst forms of these two offenses of child endangering." Tr. at 33. The court then observed, "[y]ou break the arm of a two-year-old child, short of killing a child — I can think of some things that are more serious, but if they were more serious, they wouldn't be charged as third-degree felonies, they would be charged as second degree felonies. So this is right at the top of a third-degree felony." Tr. at 34. Earlier, the court had noted, "I don't see how any child should get injured in the course of potty training. It makes no sense at all." Tr. at 29.
 {¶ 14} When the court noted that if the injury to the child had been any worse, defendant would have been charged with a higher degree of felony, the court made a distinction that clarified that the use of such excessive force elevated the crime to being one of the worst forms of child endangerment. The child was not only put in danger; the child was seriously injured. This difference alone is adequate reason to support the court's finding.
 {¶ 15} The court also made a second finding that would satisfy one of the alternative required findings: that he posed the greatest likelihood of committing future crimes. The court noted that defendant's record contained twenty years of violent behavior and found that defendant was such a danger to society that the court could not afford to let him out. In fact, the court told defendant, "frankly, I haven't seen any worse record of violence in the 28 years I have been on this job, than I have seen with you." Tr. at 34.
 {¶ 16} The court satisfied the criteria for imposing the maximum sentences for both crimes. Accordingly, this assignment of error is overruled.
 {¶ 17} The trial court erred by sentencing the appellant to serve consecutive sentences.
 {¶ 18} Defendant also claims that the record does not support the imposition of consecutive sentences, because "such sentences are to be reserved for the worst offenses and offenders" and because the court failed to show that consecutive sentences were disproportionate to sentences imposed for similar offenses.
 {¶ 19} Initially, we note that, in order to impose consecutive sentences, the trial court does not have to make a finding of "worst offenses and offenders." Nor does the statute require explicit comparison to sentences "for similar offenses." The relevant requirements of R.C. 2929.14(E) are as follows:
 {¶ 20} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and that consecutive sentences are not disproportionate to theseriousness of the offender's conduct and to the danger theoffender poses to the public * * *. (Emphasis added.)
 {¶ 21} After detailing defendant's twenty-year history of violence, the court stated:
 {¶ 22} There's only so many times you can go to the well with this violence before the Judge has to come to the conclusion that you can't be trusted on the outside, and that's where I come to this.
 {¶ 23} So I absolutely think that consecutive sentences are necessary to protect the public from you, and I think that on each of these, you ought to get the maximum sentence, both because you are somebody who has the greatest likelihood of committing future crime, and because of the seriousness of the injuries in these cases, which make these both right at the very top of seriousness of both these kinds of offenses.
 {¶ 24} Tr. at 35.
 {¶ 25} In this statement, the court made the finding that consecutive sentences were necessary to protect the public from future crime. It gave its reason for this finding when it recounted his twenty-year history of violence and concluded: "I think you are too dangerous to children and to adults, to anybody that you know you are dangerous, anybody that you associate with." Tr. at 36.
 {¶ 26} The court satisfied the second prong when it stated: "I do not think that 13 years is disproportionate to the seriousness of your conduct * * *." The court had given its reasons for this finding just prior to imposing the consecutive sentences when it noted "the seriousness of the injuries in these cases, which make these both right at the very top of seriousness for both these kinds of offenses."
 {¶ 27} The court also made the finding that the sentences were not disproportionate to the danger defendant presents to the public, when it said:
 {¶ 28} * * *. Nor do I think it's disproportionate to the danger you impose [sic] to the public. In fact, I am prepared to say you probably ought to go to the penitentiary until you are about 60, but this is only going to keep you there until you are in your mid 50's.
 {¶ 29} That's where I think you ought to be, because I think you are too dangerous to children and to adults, to anybody that you know you are dangerous, anybody that you associate with.
 {¶ 30} We find, therefore, that the trial court made the required findings and provided relevant reasons for those findings at the sentencing hearing.
 {¶ 31} Because of the unique violence of both acts, as the court noted, we find that the record supports, by clear and convincing evidence, the court's sentence of consecutive and maximum sentences for defendant's convictions for felonious assault and child endangerment.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Cooney, J., concur.
[1] Under this assignment of error, defendant also disputes the court's conclusion that the sentences were not disproportionate to the seriousness of the offenses. Because proportionality is addressed in the statute under consecutive sentences and not maximum sentences, we will address proportionality under the second assignment of error.