JOURNAL ENTRY and OPINION
{¶ 1} Appellant Anthony Lett appeals the trial court's sentence upon finding he violated probation. Lett assigns the following errors for our review:
 {¶ 2} "I. Defendant was denied due process of law when the court used defendant's waiver of preliminary probation hearing as an admission of a probation violation."
 {¶ 3} "II. Defendant was denied due process of law when he was brought before the court on certain probation violations and the probation violations were expanded by the court."
 {¶ 4} "III. Defendant was denied due process of law when he was not tried before a fair tribunal as the court acted as the prosecutor and determiner of the facts."
 {¶ 5} "IV. Defendant was denied due process of law when the court did not identify the alleged probation violation."
 {¶ 6} "V. Defendant was denied due process of law when he was found to be a probation and community control sanction violator without the presentation of any evidence."
 {¶ 7} "VI. Defendant was denied due process of law when he was sentenced to the maximum consecutive sentences when the court did not make any determination concerning sentence."
 {¶ 8} "VII. Defendant was denied due process of law when the court proceeded to sentence defendant to a four (4) year consecutive sentence when the court never properly pronounced that sentence in open court."
 {¶ 9} Having reviewed the record and pertinent law, we affirm the judgment of the court. The apposite facts follow.
 {¶ 10} On September 20, 1995, Lett pled guilty to a second degree felony for trafficking in drugs. The trial court sentenced Lett to a prison term of three-to-fifteen years. Lett was paroled in 1997, but violated parole by testing positive for drugs; the trial court sentenced him to jail.
 {¶ 11} Lett petitioned the trial court to suspend the remainder of his sentence, and on June 4, 2002, the trial court granted the motion. The trial court imposed two years of shock probation, ordered Lett to pay court costs, complete fifty (50) hours of community work service, attend a minimum of four (4) alcoholics anonymous or narcotics anonymous meetings each week, obtain employment, have a TASC evaluation, and submit to urinalysis testing.
 {¶ 12} On September 13, 2002, Lett appeared before the trial court after testing positive for drugs. Lett signed a probable cause waiver and proceeded to be heard. He stated his family had a cookout the day he came home from prison. He drank alcohol and smoked marijuana with his friends, but did not think he would be tested the first time he reported to his probation officer. Lett pleaded with the court to give him a chance; he stated he had a job opportunity pending with Ohio State Waterproofing. He also stated he had an appointment in Canton, Ohio for an outpatient drug treatment program.
 {¶ 13} Thereafter, the trial court continued his probation, stating if he was sent back to jail, he would be facing up to seven years of imprisonment. The trial court ordered him to enter a drug treatment program and scheduled a compliance hearing for September 27, 2002.
 {¶ 14} At the compliance hearing, Lett appeared with his probation officer and reported he had been shot in the back while picking up a friend on East 65th Street in Cleveland Though Lett had not completed the TASC evaluation, nor entered the drug treatment program, he had not tested positive for drugs, thus the trial court found him in compliance.
 {¶ 15} On December 5, 2002, Lett pled guilty to drug trafficking, possession of drugs and possession of criminal tools, fourth and fifth degree felonies, respectively. The court sentenced him to probation and ordered him to complete a minimum sixty (60) day inpatient drug treatment program. The trial court warned Lett that it could have sent him back to jail for violating shock probation, and if it did, Lett would have to serve the remaining seven years of his original sentence. Additionally, he would face an additional four years for the case to which he had just pled guilty. Furthermore, the new case would run consecutively to the old case for the probation violation. Finally, the trial court emphasized Lett had a lot at risk.
 {¶ 16} On March 6, 2003, Lett appeared in court for a probation violation hearing. He was arrested when he entered the Justice Center when the home detention device he was wearing triggered the metal detector. Upon searching him, the sheriffs found empty plastic bags which they believed had traces of marijuana and also found over $600 in cash. Lett also submitted a diluted urine sample. His attorney argued the trial court should not find him in violation of his probation since he was reporting to his probation officer at the time. The trial court found him in violation of his probation, but continued him on probation.
 {¶ 17} On October 22, 2003, Lett appeared with counsel for a probation violation hearing. He signed a probable cause waiver admitting he had not substantially complied with the probation requirements, tested positive for cocaine, and had been arrested for three different cases. He did not object to being found in violation of his probation, but requested to be heard in mitigation. However, the court stated it had been very lenient with him. Thereafter, the court ordered him to serve the balance of his original prison term and sentenced him to serve four years for violating probation on the fourth and fifth degree felonies he had pled guilty to in 2002. The sentence would run concurrent to the remaining sentence on the first case. Lett now appeals.
 {¶ 18} In his first five assigned errors, Lett argues he was denied due process in the entire probation violation proceedings. However, the matter was never raised in the trial court. Failure to raise an apparent constitutional claim at the trial court level constitutes a waiver of that argument on appeal.[1]
Although appellate courts have the discretion to review claims when they are not raised below, that discretion ordinarily is not exercised where the right to be vindicated was in existence prior to or at the time of trial.[2]
 {¶ 19} The due process issues were in existence and could have been addressed on the numerous occasions when Lett appeared for probation violation hearings, and will not be determined upon appeal. We do note, however, the record reveals Lett admitted at each probation violation hearing that he had been in violation, expressed remorse, and promised to comply with the court's sanctions. Additionally, Lett, while represented by counsel, signed probable cause waivers each time he appeared before the court. Accordingly, Lett's first five assigned errors are not well-taken.
 {¶ 20} In his sixth assigned error, Lett argues the trial court denied him due process of law by sentencing him to a maximum consecutive sentence without making the proper determination. We disagree.
 {¶ 21} R.C. 2929.41(B)(3) and (C)(2) read:
 {¶ 22} "(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 {¶ 23} "* * *
 {¶ 24} "(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee;
 {¶ 25} "* * *
 {¶ 26} "(C) Subject to the maximums provided in division (E) of this section;
 {¶ 27} "* * *
 {¶ 28} "(2) When consecutive sentences of imprisonment are imposed for a felony under division (B)(2) or (3) of this section, the minimum term to be served is the aggregate of the consecutive minimum terms imposed reduced by the time already served on any such minimum term, and the maximum term imposed is the aggregate of the consecutive maximum terms imposed."
 {¶ 29} In the instant case, the record reveals the trial court complied with the mandates of the above cited statute. When Lett pled guilty to drug trafficking, possession of drugs, and possession of criminal tools in December 2002, the trial court advised him if he violated his probation he would face four years in addition to the time remaining on his original case. In October 2003, when Lett again violated the terms of his probation, the court sentenced him to eighteen months each for the first two counts, and twelve months for the third count to be served consecutively, for an aggregate of four years. We note in addition to the trial court's previous leniency, the court allowed the four-year sentence to run concurrent with Lett's original prison term instead of consecutively.
 {¶ 30} Additionally, the record reveals at the final probation violation hearing, the trial court reviewed his previous cases and reminded him of the many opportunities he had been given. Further, the trial court determined recidivism was highly likely in light of Lett's recent arrest for three new cases.[3] Accordingly, we conclude the trial court made the proper determination in sentencing him after he violated the terms of his probation. His sixth assigned error is not well-taken.
 {¶ 31} Having determined the trial court complied with the sentencing guidelines, we need not address Lett's seventh assigned error, because it is moot.[4]
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Rocco, J., concur.
[1] State v. Awan (1986), 22 Ohio St.3d 120, 123.
[2] State v. Messer (1995), 107 Ohio App.3d 51, 58.
[3] Transcript at 93.
[4] App.R. 12(A)(1)(c).