DECISION
{¶ 1} Defendant-appellant, Thelbert Taylor, appeals from the November 14, 2003 judgment entry of the Franklin County Court of Common Pleas finding him guilty of theft. The trial court sentenced appellant to 12 months incarceration consecutive to a probation violation. Appellant was also ordered to pay restitution in the amount of $1,181 to the victim, United Dairy Farmers ("UDF"). For the reasons that follow, we affirm in part and reverse in part the decision of the trial court, and remand the matter for further proceedings.
 {¶ 2} On December 1, 2001, appellant entered the UDF located on 4890 E. Main Street, Whitehall, Ohio, carrying a suitcase. An employee of UDF observed appellant walking from the back part of the store carrying the suitcase. The employee noticed that a closet had been broken into. Appellant had stolen 47 cartons of cigarettes, worth $1,181.
 {¶ 3} On September 23, 2003, appellant was indicted on one count of burglary, one count of possessing criminal tools, one count of theft, and one count of possession of cocaine. On November 12, 2003, appellant entered a guilty plea to the theft count of the indictment. Upon application of appellee, the State of Ohio, and for good cause shown, the trial court dismissed the burglary, possession of criminal tools and possession of cocaine counts of the indictment. On November 12, 2003, the trial court found appellant guilty of theft and sentenced appellant to 12 months incarceration consecutive to a probation violation, and ordered appellant to pay $1,181 to UDF. It is from this entry that appellant appeals, assigning the following as error:
First Assignment of Error
The trial court erred by imposing the maximum allowable sentence.
Second Assignment of Error
The trial court erred in ordering the sentences to be served consecutively when the record did not comply with R.C.2929.19(B)(2)(c).
 {¶ 4} In his first assignment of error, appellant contends that the maximum sentence imposed by the trial court was impermissible under R.C. 2929.14(C). Appellant concedes that while the trial court did give its reasons for imposing the maximum sentence, those reasons were unfounded. R.C. 2929.14(C) provides:
Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 {¶ 5} R.C. 2929.14(C) allows the trial court to impose the maximum prison term for an offense upon offenders who: (a) committed the worst forms of the offense; (b) offenders who pose the greatest likelihood of committing future crimes; (c) major drug offenders; and (d) repeat violent offenders. The trial court need only find that appellant falls into one of the above four categories. State v. Clark, Franklin App. No. 02AP-1312, 2003-Ohio-4136; State v. South, Portage App. No. 2002-P-0137, 2004-Ohio-3336; State v. Brewer, Clark App. No. 02CA0057, 2004-Ohio-3397; State v. Fair, Cuyahoga App. No. 82278, 2004-Ohio-2971. If the trial court imposes the maximum prison term, the court must make a finding stating its reasons for selecting the sentence imposed and its reasons for imposing the maximum term. R.C. 2929.19(B)(2)(d); State v. Edmonson (1999),86 Ohio St.3d 324, 328. "While the trial court is not required `to utter any magic or talismanic words, * * * it must be clear from the record that the court made the required findings.'"Clark, supra, at ¶ 15, quoting State v. White (1999),135 Ohio App.3d 481, 486; State v. Quinn (1999),134 Ohio App.3d 459; State v. Finch (1998), 131 Ohio App.3d 571.
 {¶ 6} To determine whether the trial court made the required statutory findings and explanations, we review the transcript of the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 10.
 {¶ 7} In this case, after sentencing appellant and imposing restitution, the trial court stated:
Just for purposes of the record, the defendant has been convicted of multiple, multiple offenses. Been in the penitentiary, many times. Has violated probation on numerous occasions. Got a phenomenal plea bargain with respect to this matter. And I gave him the maximum sentence because he is the worst form offender and poses the greatest likelihood of committing future crime.
(Tr. 7-8)
 {¶ 8} The trial court in its sentencing entry noted that it gave its findings and stated its reasons for the sentence pursuant to R.C. 2929.19(B)(2)(a), (b), (c), (d), and (e). The trial court noted appellant's extensive criminal background, numerous prison terms, and frequent probation violations. These facts support the trial court's findings that appellant posed the greatest likelihood of committing future crimes. In doing so, the trial court adequately stated its reasons for imposing a maximum sentence. Because the trial court complied with the appropriate sentencing statutes by making findings and giving its reasons for those findings, we cannot clearly and convincingly find that appellant's maximum sentence was contrary to law or unsupported by the record. State v. Unrue, Summit App. No. 21105, 2002-Ohio-7002, at ¶ 46. Accordingly, this court will not disturb appellant's sentence. R.C. 2953.08(G). As such, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 9} In his second assignment of error, appellant contends that the trial court erred in imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c), which provides:
The court shall impose a sentence and shall make a finding that gives it reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences[.]
 {¶ 10} At the sentencing hearing, the trial court sentenced appellant to serve 12 months consecutive with the probation violation. (Tr. 7.) In its sentencing entry, the trial court noted that it weighed the factors as set forth in R.C. 2929.14
and 2929.19(B)(2)(c). However, the state concedes that the record failed to support the imposition of consecutive sentences. We agree.
 {¶ 11} To impose consecutive sentences, a trial court must expressly find that consecutive sentences are necessary to protect the public from future crime or to punish the defendant, that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger he posed to the public, and that the harm defendant caused is so great or unusual that a single prison term would not adequately reflect the seriousness of his conduct. R.C. 2929.14(E)(4); Comer,
supra, at paragraph one of the syllabus ("[p]ursuant to R.C.2929.14[E][4] and R.C. 2929.19[B][2][c], when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing"). In the case at bar, the trial court failed to make these express findings and failed to adequately state its reasons for these findings. As such, appellant's second assignment of error is well-taken and sustained.
 {¶ 12} For the foregoing reasons, appellant's first assignment of error is overruled and his second assignment of error is sustained. This case is remanded to the trial court for resentencing in accordance with R.C. 2929.14(E)(4).
Judgment affirmed in part, reversed in part; case remanded forresentencing.
Bryant and Petree, JJ., Concur.