JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Jeffrey Palmer, appeals his sentence, imposed following his guilty plea, to one count of aggravated robbery, one count of robbery, one count of felonious assault, and one count of aggravated assault. The victim, a forty-five-year-old man, was severely beaten with a baseball bat, his door kicked in, and his home ransacked. When the police found defendant inside the victim's home, he insisted that he had not done anything and that he was just there "to visit a friend of the family." Tr. at 18. Nonetheless, the police found defendant shirtless and covered with blood. He did not respond to the police officers' order and they had to subdue him to handcuff him. The victim sustained serious injuries, including a broken jaw and broken sinuses, which together required fourteen hours of surgery and four pints of blood.
 {¶ 2} After entering his guilty plea, defendant was sentenced to the maximum term of ten years for the aggravated burglary conviction and eight years for the robbery, as well as eight years for the felonious assault. These sentences all ran concurrently, as did the eighteen-month sentence he received for the aggravated assault conviction. Defendant now states seven assignments of error. The first one states:
I. THE TRIAL COURT ERRED IN FAILING TO CONSIDER A MINIMUM TERM OF INCARCERATION BEFORE IMPOSING A NON-MINIMUM SENTENCE ON THE APPELLANT.
 {¶ 3} Defendant argues that the trial court failed to consider giving him the minimum sentence and that he has not served a prior prison term.
 {¶ 4} R.C. 2929.14(B) states,
* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 5} Because defendant had not served a prior prison term, in order to impose a sentence exceeding the minimum, the court was required to make one of the two findings in subsection (2). There is, however, an exception to this requirement. The Ohio Supreme Court has held, "R.C. 2929.14(B) is inapplicable where a maximum sentence is imposed for a single offense, provided that the record reflects that the court based the sentence upon at least one R.C. 2929.14(C) criterion." State v. Evans (2004),102 Ohio St.3d 240, syllabus. R.C. 2929.14 (C) states:
* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing futurecrimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section. Emphasis added.
 {¶ 6} In the case at bar, the court found that defendant clearly "poses the greatest likelihood of committing future crimes." Tr. at 34. It therefore met the Evans requirement. Additionally, the court found that "[a] maximum term, although not required by law, is clearly required here to protect the public and so as to not demean the seriousness of this offense." Id. These findings satisfy the requirement when the court imposes more than the minimum sentence.
 {¶ 7} The trial court properly sentenced defendant to more than the minimum sentence. Accordingly, this assignment of error is overruled.
 {¶ 8} Defendant's second and sixth assignments of error are interrelated and will be addressed together. They state:
"II. THE TRIAL COURT ERRED IN IMPOSING A TEN YEAR TERM OF INCARCERATION WHERE THE COURT'S SENTENCE IS NOT CONSISTENT WITH THE SENTENCE RECEIVED BY HIS CO-DEFENDANT AND OTHER SIMILARLY SITUATED DEFENDANTS.
"VI. THE TRIAL COURT FAILED TO MAKE A FINDING THAT THE DEFENDANT'S SENTENCE IS CONSISTENT WITH SIMILARLY SITUATED OFFENDERS.
 {¶ 9} Defendant argues that his ten-year sentence is inconsistent with the five-year sentence his co-defendant received. He also argues that the court failed to make a specific finding that his sentence was consistent with sentences imposed on similarly situated offenders.
 {¶ 10} R.C. 2929.11(B) requires the court to be "consistent with sentences imposed for similar crimes committed by similar offenders." The statute does not, however, "require findings; rather it sets forth objectives for sentencing courts to achieve." State v. Bolton, Cuyahoga App. No. 80263, Ohio-4571, ¶ 20. Even if it had not made findings, therefore, the court could have complied with the mandates of the statute, as long as its sentence was consistent with the requirements of the rest of the sentencing statutes. Id.
 {¶ 11} Nonetheless, the court did state its reasons for imposing a greater sentence on defendant than on his co-defendant. The court found defendant to be the principal offender. The court focused on defendant's continued lying to the court about his involvement in the case and lack of remorse for the injury inflicted on the victim. The court pointed to a letter sent to his co-defendant in which defendant asked the co-defendant to lie for him and manufacture a story to cover for him. The court also noted that, despite irrefutable evidence of the serious injuries suffered by the victim of the burglary, defendant persisted in trying to convince the court that he was only in the house only to visit with the victim. The court contrasted this lack of remorse and honesty with the admission by the co-defendant that he was in the victim's house for the purpose of robbing him.
 {¶ 12} Also, although defendant tried to claim at the sentencing hearing that he was just a bystander to the beating, the court stated that it considered defendant "the principle [sic] offender in this case." Tr. at 24. Earlier, the court had observed that defendant was covered with blood. In addressing defendant, the court observed: "The victim was nearly beaten to death. You were obviously there when it occurred. How is it possible you can stand before this Court and tell me that you were not involved in this crime when you wielded the bat, or when you simply kicked in the door and stood there while this man was nearly beaten to death?" Tr. 23-24. The court concluded: "This defendant is a remorseless, violent, predator. And as such, he must be sentenced to a state penal institution for a very substantial period of time." Tr. at 32.
 {¶ 13} The court clearly articulated its reasons for the length of the sentence in comparison to sentences imposed on other offenders. It pointed to defendant's inability to be honest about the crime and the threat he posed to the public, although, as held by the Bolton court, the court was not required to articulate a finding of consistency or its reasons in support.
 {¶ 14} Accordingly, this assignment of error is overruled.
 {¶ 15} For his third assignment of error, defendant states:
III. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM AVAILABLE TERM OF INCARCERATION WITHOUT MAKING THE REQUIRED FACTUAL FINDING.
 {¶ 16} This assignment of error states that the trial court failed to make the proper "factual finding" for imposing the maximum sentence. Because defendant concedes that the court did indeed make the necessary findings, we conclude that his objection to a lack of "factual finding" is an objection to a lack of reasons to support its finding. Specifically, a few sentences later, defendant claims that the trial court failed to "memorialize the reasons for imposing the maximum available term of incarceration." Appellant's Brief at 5. It is not clear, however, what defendant means by the word "memorialize." Normally, this word would refer to the journal entry. Because defendant cites to no case law requiring reasons to be articulated in a journal entry, we conclude that defendant complains that the trial court failed to give its reasons at the sentencing hearing.
 {¶ 17} R.C. 2929.19 (2)(d)clearly requires the court to give reasons for its findings:
(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *.
 {¶ 18} R.C. 2929.14(C) further specifies the finding the court is required to make in order to impose the maximum: (1) that the offender committed the worst form of the offense, (2) that the offender poses the greatest likelihood of committing future crimes, (3) that the offender is a major drug offender under 2929.14(D)(3), or (4) that the offender is a repeat violent offender under 2929.14(D)(2). This court has previously ruled that this requirement is "disjunctive." That is, the "`findings [listed in R.C. 2929.14] are alternatives, any of which may justify maximum sentences.'" State v. Miller, 2004-Ohio-4097, ¶ 4, citing State v. Woodland, 2004-Ohio-2772, ¶ 31.
 {¶ 19} Contrary to defendant's assertion, the trial court explicitly stated its reasons for imposing the maximum sentence on defendant:
He was involved in the beating * * * which is one of the most horrendous beatings that I have ever heard of in my capacity as a judicial officer or, for that matter, as a defense attorney.
It is amazing that the victim in the case survived. * * * He is permanently and totally disabled at this point.
Tr. at 33-34. The court found that because of this brutality in the robbery, the defendant had "committed the worst form of the offense."
 {¶ 20} Although it was not necessary to make yet another finding, the court also found that defendant "poses the greatest likelihood of committing future crimes" specifically "because of his inability to be honest with himself and this Court, and because of the letters that he has sent to co-defendants within the County Jail * * *." Tr. 34. Defendant's denial of responsibility, along with his attempt to persuade his co-defendant to lie for him, indicates he is not likely to change his behavior. The trial court did, therefore, give reasons for its findings in support of imposing the maximum sentence. Accordingly, this assignment of error is overruled.
 {¶ 21} For his fourth and fifth assignments of error, defendant states:
IV. THE APPELLANT HAS BEEN DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY BY THE MAXIMUM SENTENCE IMPOSED ON HIM, FOR THE REASON THAT A JURY DID NOT FIND THE FACTS WHICH SUPPORTED THE IMPOSITION OF A MAXIMUM SENTENCE.
V. THE TRIAL COURT ERRED IN SENTENCING MR. PALMER TO A TERM OF INCARCERATION BEYOND THE MINIMUM WHERE MR. PALMER DID NOT ADMIT TO SERVING A PRIOR TERM OF INCARCERATION AND THE FACT WAS NOT FOUND BEYOND A REASONABLE DOUBT BY A JURY.
 {¶ 22} Because both these assignments of error raise aBlakely issue, we will address them together. Defendant argues that his maximum sentence, as well as his sentence of more than the minimum, is unconstitutional under the U.S. Supreme Court's decision in Blakely v. Washington, (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403. The argument regarding maximum sentences was recently addressed in this court's en banc decision of State v. Lett, Cuyahoga App. Nos. 84707 and 84729,2004-Ohio-4094.[1] In Lett, this court held that R.C.2929.14(C), which governs the imposition of maximum sentences, does not implicate the Sixth Amendment as construed in Blakely.
The general argument that R.C. 2929.14(B), which governs the imposition of sentences above the minimum for a felony, violates the Sixth Amendment as construed in Blakely also was recently addressed in this court's en banc decision in State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666.[2]
Accordingly, in conformity with that opinion, we reject defendant's argument and overrule the fourth assigned error.[3]
Sentence affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.
[1] Discretionary appeal allowed, 104 Ohio St.3d 1438,2004-Ohio-7033, held for the decision in State v. Lett,105 Ohio St.3d 1401, 2005-Ohio-286.
[2] Discretionary appeal allowed, 107 Ohio St.3d 1406,2005-Ohio-5859, held for the decisions in State v. Quinones,
Cuyahoga App. No. 83720, 2004-Ohio-4485 and State v. Foster,
Licking App. No. 03CA95, 2004-Ohio-4209.
[3] I separately note, however, that because I believe the en banc procedure this court used in Lett and also inAtkins-Boozer is unconstitutional and dissented for that reason, as well as on the merits, I, reluctantly follow this court's decision and await a ruling from the Ohio Supreme Court.