JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Ramone Hardaway appeals from his convictions for drug trafficking, drug possession and possession of criminal tools. For the reasons set forth below, we affirm.
 {¶ 2} On October 22, 2003, defendant was indicted pursuant to a three-count indictment. In Count One, defendant was charged with trafficking in crack cocaine in an amount more than twenty-five grams but less than one hundred grams. In Count Two, defendant was charged with possession of more than twenty-five grams but less than one hundred grams of crack cocaine. In Count Three defendant was charged with possession of criminal tools (cell phone and/or money).
 {¶ 3} Defendant pled not guilty and moved to suppress the state's evidence. Defendant maintained that police lacked probable cause to search his vehicle. The matter proceeded to an evidentiary hearing on June 21, 2004.
 {¶ 4} The state presented the testimony of Cleveland Police Officer Sean Smith. Officer Smith testified that, at approximately 11:25 a.m. on August 7, 2003, he and his partner began to follow defendant's vehicle after observing that it had deeply tinted windows and a for sale sign partially obstructing the driver's side of the front windshield. According to Smith, it is a violation of the Cleveland Codified Ordinances to drive a vehicle with less than 50% window visibility and to drive with an obstructed view.
 {¶ 5} The officers pulled the vehicle over and observed defendant making furtive movements to his right. The officer observed a small amount of marijuana on the dashboard and smelled the odor of burnt marijuana. They ordered defendant to step out of the car.
 {¶ 6} The officers patted him down and found three large bags of crack cocaine under the driver's seat of the car, and marijuana in the glove box. The officers told defendant that he was being arrested for having marijuana in a motor vehicle.
 {¶ 7} Officer Smith admitted on cross-examination, however, that no burnt marijuana was found in the vehicle and defendant was not charged with the offense of having marijuana in a motor vehicle.
 {¶ 8} The trial court subsequently denied the motion to suppress and defendant pled no contest to the charges. The court found defendant guilty and sentenced him to concurrent terms of three years of incarceration on Counts One and Two, and twelve months on Count Three. Defendant now appeals and assigns three errors for our review.
 {¶ 9} Defendant's first assignment of error states:
 {¶ 10} "The trial court erred in denying Appellant's motion to suppress where the arresting officers lacked reasonable fear to frisk Appellant and the evidence of any criminal endeavor was found as a result thereof."
 {¶ 11} Defendant complains that the evidence obtained was the result of the illegal decision to pull him out of his vehicle and frisk him. We cannot agree with this contention.
 {¶ 12} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, states:
 {¶ 13} "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."
 {¶ 14} Section 14, Article I of the Ohio Constitution likewise prohibits unreasonable searches. State v. Kinney (1998), 83 Ohio St.3d 85,87, 698 N.E.2d 49, 51.
 {¶ 15} However, the warrant requirement is subject to a number of well-established exceptions. Pursuant to one such exception, a traffic stop is generally reasonable under the Fourth Amendment where the police have probable cause to believe that the detainee has committed a traffic violation. Whren v. United States (1996), 517 U.S. 806, 810,116 S. Ct. 1769, 1772, 135 L.Ed.2d 89, 95; Dayton v. Erickson (1996),76 Ohio St.3d 3, 665 N.E.2d 1091, syllabus. Further, the United States Supreme Court has recognized that a police officer may order a driver or passenger to exit his vehicle if properly stopped for a traffic violation, even if the officer does not have reasonable suspicion of criminal activity. Pennsylvania v. Mimms (1977), 434 U.S. 106,54 L.Ed.2d 331, 98 S. Ct. 330.
 {¶ 16} Further police may search an automobile without a warrant when they have probable cause to suspect that the automobile contains contraband. Carroll v. United States (1925), 267 U.S. 132, 45 S.Ct. 280,69 L.Ed. 543. Thus, the detection of the odor of marijuana by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search. State v. Moore, 90 Ohio St.3d 47,2000-Ohio-10, 734 N.E.2d 804.
 {¶ 17} With regard to the pat-down search, we note that where a police officer observes conduct which leads him reasonably to conclude that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, he is entitled for the protection to conduct a carefully limited search of the outer clothing for weapons. Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868, 1880,20 L.Ed.2d 889, 906. In order to warrant a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in light of the totality of the surrounding circumstances" presented to the police officer. Statev. Freeman (1980), 64 Ohio St.2d 291, 414 N.E.2d 1044, paragraph one of the syllabus.
 {¶ 18} In this matter, the evidence demonstrates that the officer stopped the vehicle due to the window tint and the obstructed windshield. According to Smith, defendant made furtive gestures to his right at this time. Upon ordering defendant out of the car, the officers observed a small amount of marijuana on the dashboard and Smith smelled the odor of marijuana. From the record, we cannot conclude that the discovery of contraband in the vehicle was the result of an illegal pat down. Rather, the record suggests that the vehicle was searched after the officers detected the odor of marijuana. In any event, the totality of the circumstances, including defendant's act of driving in a manner in which his appearance was obstructed, his furtive conduct, the presence of marijuana in plain view, indicate that the officers were justified in conducting a pat down of defendant.
 {¶ 19} The first assignment of error is without merit.
 {¶ 20} Defendant's second assignment of error states:
 {¶ 21} "The court erred in finding that the evidence presented by the state of Ohio was competent and credible."
 {¶ 22} Defendant next complains that Officer Smith's testimony was neither competent nor credible because he claimed that he smelled marijuana but there was no evidence that marijuana had been used in the car, he claimed to see marijuana in plain view on the dashboard but admitted that it was only 1/2 cm. in size, and, contrary to his statement to defendant at the time of arrest, did not charge him with the offense of possessing marijuana in a motor vehicle.
 {¶ 23} At a hearing on a motion to suppress, the trial court functions as the trier of fact. As such, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972; State v. Smith (1991), 61 Ohio St.3d 284, 288,574 N.E.2d 510.
 {¶ 24} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Mills, supra.
 {¶ 25} On review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.State v. Guysinger (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting the facts as found by the trial court as true, the appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488, 597 N.E.2d 1141.
 {¶ 26} In this matter, we find that there is competent credible evidence supporting the trial court's denial of the motion to suppress.
 {¶ 27} With regard to the first of the challenges raised by defendant, we note that the Moore Court held that "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search." (Emphasis added). Accordingly, the failure to find additional evidence of how the substance was used is not fatal to the state's case.
 {¶ 28} With regard to the second claim, we agree that this is a very small amount. However, this does not render the claim incredible, as other cases have dealt with traces of the substance. State v. Lett,
Cuyahoga App. No. 83821 and 83822, 2004-Ohio-4094.
 {¶ 29} Finally, validity of this initial arrest would not be affected by subsequent charges, or lack of charges, State v. Hatfield (1965),1 Ohio App.2d 346, or acquittal of charged offenses. State v. Boyce
(Oct. 12, 1978), Cuyahoga App. No. 37726.
 {¶ 30} This assignment of error is without merit.
 {¶ 31} Defendant's third assignment of error states:
 {¶ 32} "The state of Ohio committed prosecutorial misconduct when the prosecutor purposely failed to provide a response to Appellant's motion to dismiss until moments before the hearing."
 {¶ 33} Within this assignment of error, defendant complains that the state did not immediately serve its brief in opposition to the motion to suppress, but rather, waited several hours after filing the document with the court to hand it to defense counsel.
 {¶ 34} The test for prosecutorial misconduct is whether the conduct complained of deprived the defendant of a fair trial. State v. Fears
(1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136; State v. Apanovitch
(1987), 33 Ohio St.3d 19, 514 N.E.2d 394.
 {¶ 35} Rule 5(D) requires that the particular paper be filed within three days of the service of the paper.
 {¶ 36} In this matter, the record demonstrates that the state filed the document on June 21, 2004 at 9:39 a.m. and served it on defense counsel at approximately 11:44 a.m. on the afternoon of the suppression hearing. We find no violation of the Civil Rules and we cannot conclude that the defense was prejudiced.
 {¶ 37} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., concur.