[Cite as *State v. Griffith*, 2011-Ohio-4476.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :     C.A. CASE NO. 24275

vs.                              :     T.C. CASE NO. 09CR3834

GERRY E. GRIFFITH, JR.           :     (Criminal Appeal from
                                     Common
                       Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Laura M. Woodruff, Asst. Pros. Attorney, Atty. Reg. No. 0084161, P.O. Box 972, Dayton, OH 45422
    Attorney for Plaintiff-Appellee

Lawrence J. Greger, Atty. Reg. No. 0002592, Suite 1100 Liberty Tower, 120 W. Second Street, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Gerry Griffith, appeals from his conviction for possession of crack cocaine between one and five grams. R.C. 2925.11(A). The conviction, which includes a sentence of five years of community control sanctions, was ordered on a plea of no

contest Defendant entered after the court denied his Crim.R. 12(C)(3) motion to suppress evidence of crack cocaine. Defendant appeals.

## ASSIGNMENT OF ERROR

{¶ 2} "THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS THE CRACK COCAINE SEIZED AS A RESULT OF THE SEARCH OF THE APPELLANT'S TRUNK."

{¶ 3} When considering a motion to suppress, the trial court assumes the role of the trier of facts and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Roberts,* 110 Ohio St.3d 71, 2006-Ohio-3665. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.* Accepting those facts as true, the appellate court must then independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Id.*

{¶ 4} The trial court denied Defendant's motion to suppress evidence in a written decision (Dkt. 21), in which the court made findings of fact consistent with the testimony of Dayton Police Officer Jeff C. Heiber at the hearing on Defendant's motion.

{¶ 5} Officer Heiber testified that he had nine years experience as an officer of the Dayton Police Department. While he was on

patrol in his cruiser on November 11, 2009, at about 11:54 p.m., Officer Heiber saw a tan vehicle parked in the lot of a BP gas station at the corner of Salem and Grand Avenues. The vehicle was "parked to the right in the parking lot, not by the pumps but just parked off to the side, off to the right." (T. 9). The building serving the station was closed, the gates to its entrance having been pulled down. Officer Hieber explained:

{¶ 6} "I then pulled into the gas station just to drive through. I had made it a routine to [when I] end my shift I customarily drive through that parking lot just on the way back to the District to patrol it because we've had an increase of drug activity in that gas station parking lot." (T. 9).

{¶ 7} As he drove into the lot Officer Hieber saw that the driver and sole occupant of the vehicle, Defendant Gerry Griffith, "had his head down as if he was doing something or manipulating something in his lap." *Id.* When he looked up and made eye contact with the officer, Defendant "immediately went into gear and started to pull out of the parking lot." *Id.*

{¶ 8} Officer Hieber testified that Defendant drove to an exit for Salem Avenue, where he engaged his signal to turn right. Defendant "actually started going right, and then turned left in the middle of the road to go in the opposite direction . . . It was almost like a u-turn." (T. 11).

{¶ 9} Officer Hieber decided to follow Defendant's vehicle for a short distance to determine whether he was "drunk or been drinking." *Id.* Defendant turned from Salem Avenue onto a side street without first signaling his turn. Officer Hieber believed this was a turn signal violation. As Officer Hieber's cruiser approached Defendant's vehicle, Defendant "abruptly just pulled over to the right real quick and parked along side of the road." (T. 12). Officer Hieber said: "I had to stop and put on my brakes quickly to keep from running right past him." (T. 13).

{¶ 10} Officer Hieber exited his vehicle and approached Defendant's vehicle on foot, intending to issue a citation for the turn signal violation he witnessed. While speaking with Defendant through the opened driver's window, and using a flashlight to better see Defendant, Officer Hieber saw a bag of marijuana, in plain view, on the console between the driver's and passenger seats, near the vehicle's shift lever. Officer Hieber testified that, based on his nine years experience as a police officer, the amount of marijuana he saw presented probable cause of a minor misdemeanor offense, being less than 100 grams by weight. (T. 34-35).[1] Absent circumstances which are not portrayed by this record, minor misdemeanors are subject to citation instead of

---

[1] Possession of marijuana weighing less than 100 grams is a minor misdemeanor. R.C. 2925.11(C)(3)(a), (b).

arrest.  R.C. 2935.26(A).

{¶ 11} Officer Hieber removed Defendant from his vehicle and placed him in the officer's cruiser.  Even though Defendant was not subject to arrest, Officer Hieber returned to Defendant's vehicle to search the vehicle, including its trunk, for drugs. Officer Hieber explained that he performed the search because Defendant "had drugs in plain view in the vehicle."  (T. 38).  When he searched the trunk, Officer Hieber seized digital scales and a bag that was later determined to contain crack cocaine.  The cocaine was the basis of the violation of R.C. 2925.11(A) with which Defendant was charged.

{¶ 12} Defendant did not contest the traffic stop in the motion to suppress he filed.  Defendant instead challenged the warrantless search of the trunk of his vehicle that yielded the crack cocaine the officer seized.  The trial court overruled Defendant's motion to suppress.  The trial court concluded that "once probable cause to search a vehicle has been established by discovering contraband in open view in the passenger compartment, an officer may search the entire vehicle, including the trunk and all containers therein that might contain contraband."  (Decision at p. 6.)

{¶ 13} Defendant argues that the search of his vehicle was not justified because he was not under arrest when the search was

performed. Defendant points out that his alleged traffic code offenses permitted his citation, not an arrest. Defendant also points to Officer Hieber's testimony that, from his experience, the officer knew that the amount of marijuana he saw presented probable cause of a minor misdemeanor offense, for which a citation instead of arrest is likewise required.

{¶ 14} The United States Constitution requires the exclusion of evidence only when a particular arrest, search, or seizure violates the Fourth Amendment. *Michigan v. Long* (1983), 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201. The Ohio Supreme Court has consistently held that the exclusionary rule will not be applied to evidence secured in violation of state law, but not in violation of constitutional rights. See *State v. Thompson* (1987), 33 Ohio St.3d 1. To justify application of the exclusionary rule, the effect of the violation of state law must create a collateral violation of the defendant's federal or state constitutional rights. *State v. Brown*, 99 Ohio St.3d 323, 2002-Ohio-3931. Therefore, the fact that Officer Hieber may have been barred by R.C. 2935.26(A) from placing Defendant under arrest because of the marijuana the officer saw in the passenger compartment of his vehicle does not, in and of itself, present basis for the suppression of the evidence the officer seized in the search of the vehicle's trunk. That search must itself have been an

unconstitutional search or seizure for the lack of a necessary warrant.

{¶ 15} The State does not rely on the search incident to arrest exception to the Fourth Amendment's warrant requirement to justify the warrantless search of the trunk of Defendant's vehicle. Instead, the State argues that the warrantless search was reasonable because the officer had probable cause to perform the search. The existence of probable cause satisfies the purposes of the warrant requirement, and relieves an officer of the need to obtain a prior warrant when that is not practicable. Probable cause exists when a reasonably prudent person would believe that a place to be searched contains evidence of a crime. *Beck v. Ohio* (1964), 37 9 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142.

{¶ 16} Under the well recognized automobile exception to the Fourth Amendment's warrant requirement, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband, and exigent circumstances necessitate a search or seizure. *State v. Mills* (1992), 62 Ohio St.3d 357; *Chambers v. Maroney* (1970), 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. A vehicle's mobility is the traditional exigency for this exception to the warrant requirement. *Mills; California v. Carney* (1985), 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406.

{¶ 17} Defendant relies upon *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, wherein the Ohio Supreme Court wrote that a trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches, to argue that the search of his trunk was unlawful. Defendant's reliance upon *Farris* is misplaced because that case is factually distinguishable.

{¶ 18} In *Farris*, following a traffic stop, an officer detected a "light odor" of burnt marijuana coming from the vehicle's passenger compartment. He subsequently searched the vehicle's trunk where drugs were discovered and seized. The Supreme Court held:

{¶ 19} "{¶ 51} A trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches. In *State v. Murrell* (2002), 94 Ohio St.3d 489, 764 N.E.2d 986, syllabus, this court held that '[w]hen a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the *passenger compartment* of that automobile.' (Emphasis added.) The court was conspicuous in limiting the search to the passenger compartment.

{¶ 20} "{¶ 52} The odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish

probable cause for a warrantless search of the trunk of the vehicle. *United States v. Nielsen* (C.A.10, 1993), 9 F.3d 1487. No other factors justifying a search beyond the passenger compartment were present in this case. The officer detected only a light odor of marijuana, and the troopers found no other contraband within the passenger compartment. The troopers thus lacked probable cause to search the trunk of Farris's vehicle. Therefore, the automobile exception does not apply in this case."

{¶ 21} The Fourth Amendment limits searches to places where evidence of criminal activity is likely to be found. *Farris* stands for the proposition that the odor of burnt marijuana in a vehicle's passenger compartment, standing alone, doesn't present a likelihood that the vehicle's trunk contains marijuana. The point of distinction is whether the character or nature of drugs found "in plain view" (or smell) in the passenger compartment presents a likelihood that the vehicle's trunk contains drugs or other contraband, such that a search of the trunk is justified by the automobile exception to the warrant requirement.

{¶ 22} In *Farris*, "[n]o other factors justifying a search beyond the passenger compartment were present." Farris identified one of those other potential factors to include "contraband within the passenger compartment." That precise factor was present here. In addition, the officer first saw Defendant in a parking lot which,

in the officer's experience, has seen "an increase in drug activity." (T. 9). Coupled with that, Defendant's pattern of driving after he saw the officer was evasive, possibly suggesting that he had reason to avoid contact with the officer. *California v. Hodari D.* (1991), 499 U.S. 621, 113 L.Ed.2d 690, 111 S.Ct. 1547, n. 1.

{¶ 23} The trial court did not err in denying Defendant's motion to suppress evidence. The assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.

FAIN, J., and HALL, J., concur.

Copies mailed to:

Laura M. Woodruff, Esq.
Lawrence J. Greger, Esq.
Hon. Mary Katherine Huffman