[Cite as *State v. Franklin*, 2014-Ohio-1422.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99806

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY D. FRANKLIN, II

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-567598-B

**BEFORE:** Celebrezze, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 3, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Erica Barnhill
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant, Gregory D. Franklin, II, appeals the February 19, 2013 judgment entry of the Cuyahoga County Court of Common Pleas denying his motion to suppress. Appellant further appeals from the court's judgment, rendered after a no contest plea, finding him guilty of drug trafficking, drug possession, having a weapon while under disability, carrying a concealed weapon, and possession of criminal tools and sentencing him to a five-year term of incarceration and a $10,000 fine. After a careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

**{¶2}** On October 16, 2012, appellant was indicted and charged with drug trafficking in violation of R.C. 2925.03(A)(2), a felony of the first degree, with a one-year firearm specification and forfeiture specifications; drug possession in violation of R.C. 2925.11(A), a felony of the first degree, with a one-year firearm specification and forfeiture specifications; having a weapon while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree, with a forfeiture specification; carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree, with a forfeiture specification; and possession of criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specifications.

**{¶3}** On February 5, 2013, appellant filed a motion to suppress evidence seized from his vehicle. A hearing was held on appellant's motion on February 19, 2013. The following facts were adduced at the hearing.

**{¶4}** On October 2, 2012, Cleveland Police Officers Ron Myers and Andrew Hayduk were patrolling the area of East 53rd Street in the city of Cleveland in response to numerous drug activity complaints. As they were driving south on East 53rd, they observed an unattended white Lexus parked in the street with its engine running, in violation of city of Cleveland ordinances. Officer Myers testified that he recognized the white Lexus from a previous arrest of codefendant Bruce Ward several months earlier, during which heroin was discovered inside his vehicle. At the time of his previous arrest, Ward advised Officers Myers and Hayduk that there was another drug dealer in the area with a grey Lexus who kept his drugs under the center console.

**{¶5}** Upon observing Ward's vehicle parked and running while unattended, the officers parked their patrol car to investigate and determine whether the keys were in the ignition or if the vehicle was operating via a remote starting device. Once Officer Myers observed that the keys were in the vehicle's ignition, he "looked around" and noticed a grey Lexus parked "just in front of the [white Lexus]" at the end of a neighboring driveway. At that time, Officers Myers and Hayduk approached the grey Lexus to "see if [they] could find the driver of the unattended vehicle."

**{¶6}** As the officers neared the back of the grey Lexus, the passenger door opened, and Officer Myers immediately smelled a strong odor of burnt marijuana. According to

Officer Myers, the odor was "very, very overwhelming." Officer Myers testified that, in addition to the smell of burnt marijuana, he immediately observed a digital scale sitting in plain view on the vehicle's center console. At that time, the officers ordered Ward, who was sitting in the passenger's seat, and appellant, who was in the driver's seat, to exit the vehicle, where they were patted down for the officers' safety. During the pat down of appellant, Officer Myers observed what appeared to be "an extremely large bundle of money in his pocket."

{¶7} While searching the vehicle for the source of the burnt marijuana odor, Officer Myers observed numerous plastic baggies scattered throughout the front of the passenger compartment. The officer additionally noticed that the molding around the center console was not properly secured. He explained that the molding "looked like it was pulled up, and it was not in the place it should be." Officer Myers testified that, prior to becoming a police officer, he spent several years working for Lexus as a master technician. Based on his knowledge of the Lexus vehicle, Officer Myers understood that the center console was easily removable. Believing the displaced molding was suspicious and possibly concealing drug-related contraband, Officer Myers "very easily" popped up the loose end of the molding and observed a baggie of marijuana in the hollow space underneath the console.

{¶8} As a result of discovering the marijuana under the center console, Officer Myers removed the entire molding and discovered a large bag of heroin and a gun in a hollow space behind the radio.

**{¶9}** At the conclusion of the suppression hearing, the trial court denied appellant's motion to suppress. Subsequently, appellant entered a plea of no contest to all charges and the attached specifications. On March 21, 2013, the trial court sentenced appellant to a five-year term of imprisonment and ordered him to pay a $10,000 fine.

**{¶10}** Appellant now brings this timely appeal, raising three assignments of error for review:

I. The trial court erred in denying the defendant's motion to suppress.

II. The trial court erred by imposing a fine when it found that Mr. Franklin is indigent.

III. It was error to order forfeiture of some or all of the property referenced in the court's sentencing journal entry.

## II. Law and Analysis

### A. Motion to Suppress

**{¶11}** In his first assignment of error, appellant argues that the trial court erred in denying his motion to suppress evidence.

**{¶12}** Appellate review of a motion to suppress involves a mixed question of law and fact. "In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility." *State v. Curry*, 95 Ohio App.3d 93, 96, 641 N.E.2d 1172 (8th Dist.1994). The reviewing court must accept the trial court's findings of fact in ruling on a motion to suppress if the findings are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Accepting the facts as true, the

reviewing court must then independently determine as a matter of law, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard. *Id.*

{¶13} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Under *Terry*, police officers may briefly stop and/or temporarily detain individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity may be afoot. *State v. Martin*, 2d Dist. Montgomery No. 20270, 2004-Ohio-2738, ¶ 10, citing *Terry*. We determine the existence of reasonable suspicion by evaluating the totality of the circumstances, considering those circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Heard*, 2d Dist. Montgomery No. 19323, 2003-Ohio-1047, ¶ 14, quoting *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991). The officer must have more than an inchoate hunch or suspicion to justify an investigatory stop. *Id.*

{¶14} However, not every encounter between the police and an individual involves the detention of the individual. Generally, a consensual encounter does not trigger Fourth Amendment scrutiny. *Florida v. Bostick*, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Consequently, when a police officer merely approaches and questions persons seated within parked vehicles, a consensual encounter occurs that does not constitute a seizure so as to require reasonable suspicion supported by specific and articulable facts. *State v. Barnhart*, 10th Dist. Franklin No. 98AP-1474, 1999 Ohio App.

LEXIS 3754, *10-11 (Aug. 17, 1999), citing *State v. Robinson*, 12th Dist. Butler No. CA97-04-093, 1997 Ohio App. LEXIS 4023 (Sept. 8, 1997) (no seizure at the time officer approached defendant's vehicle and made inquiries of driver whose vehicle was parked at night in parking lot of establishment no longer open for business; officer's initial contact with defendant was a consensual encounter, not a stop or seizure implicating Fourth Amendment scrutiny and requiring reasonable suspicion); *State v. Boys*, 128 Ohio App.3d 640, 716 N.E.2d 273 (1st Dist.1998) (trial court erred in granting motion to suppress evidence on ground that police officers did not have reasonable and articulable suspicion that defendant was involved in criminal activity when they first approached his vehicle because no seizure occurred when the officers went to check on defendant's condition); *State v. Brock*, 12th Dist. Clermont No. CA97-09-077, 1998 Ohio App. LEXIS 2353 (June 1, 1998) (police officer's mere approach of appellant was not a stop or seizure that would trigger Fourth Amendment scrutiny and require reasonable suspicion; officer did not pull over appellant's vehicle or order appellant from his vehicle, nor did he activate his overhead lights when he arrived at the scene of the parked car); *Cuyahoga Falls v. Sandstrom*, 9th Dist. Summit No. 17000, 1995 Ohio App. LEXIS 2624 (June 21, 1995) (defendant not seized, within meaning of Fourth Amendment, at time officer approached defendant's parked vehicle and asked defendant questions; thus, officer was not required to state a reasonable and articulable suspicion for his approach and initial interrogation).

{¶15} Applying the foregoing authority to the case before us, we find that the officers' mere approach of appellant's vehicle was not a stop or seizure that would trigger Fourth Amendment scrutiny and require reasonable suspicion of criminal activity. Here, officers Myers and Hayduk did not pull over appellant, nor did they activate their overhead lights when they stopped their patrol vehicle. Rather, the record indicates that Officer Myers only approached the grey Lexus to determine whether the driver had any information concerning the owner of the unattended white Lexus. Under theses circumstances, we find that Officer Myers's initial interaction with appellant was a consensual encounter that did not constitute a seizure so as to implicate the Fourth Amendment and require reasonable suspicion supported by specific and articulable facts.

{¶16} However, the encounter quickly escalated into reasonable suspicion for an investigative detention and probable cause for the search of appellant's vehicle pursuant to the "automobile exception" once Officer Myers detected the odor of burnt marijuana as he approached the grey Lexus.

{¶17} "[U]nder the automobile exception to the warrant requirement, the police may search a motor vehicle without a warrant if they have probable cause to believe that the vehicle contains contraband." *State v. Battle*, 10th Dist. Franklin No. 10AP-1132, 2011-Ohio-6661, ¶ 33. Courts define probable cause in the context of an automobile search as "'a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction.'" *State v. Parrish*, 10th Dist. Franklin No. 01AP-832, 2002-Ohio-3275, ¶

27, quoting *State v. Kessler*, 53 Ohio St.2d 204, 208, 373 N.E.2d 1252 (1978), quoting

*Carroll v. United States*, 267 U.S. 132, 149, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

Accordingly, "[t]he determination of probable cause is fact-dependent and turns on what

the officer knew at the time he made the stop and/or search." *Battle* at ¶ 34.

{¶18} It is well established that

> the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle.

*State v. Moore*, 90 Ohio St.3d 47, 48, 734 N.E.2d 804 (2000). *See also State v. Williams*,

8th Dist. Cuyahoga Nos. 92009 and 92010, 2009-Ohio-5553, ¶ 26 ("smell of marijuana

emanating from the vehicle justified a search of the vehicle without a warrant based upon

the 'plain smell doctrine'"); *State v. Byers*, 8th Dist. Cuyahoga No. 94922,

2011-Ohio-342 (the search was supported by probable cause when the police officers

discovered that the occupants of the vehicle had been smoking marijuana); *State v.

Hopper*, 8th Dist. Cuyahoga Nos. 91269 and 91327, 2009-Ohio-2711 ("the smell of

marijuana gives rise to a reasonable suspicion that the person stopped is engaged in

criminal activity").

{¶19} In the instant case, Officer Myers testified that he immediately detected a

strong odor of burnt marijuana emanating from the grey Lexus as he and Officer Hayduk

approached the vehicle.[1] Further, Officer Myers testified to his extensive training and

---

[1] We note that the officers' failure to discover the source of the burnt marijuana was not fatal to the state's case. *State v. Hardaway*, 8th Dist. Cuyahoga

experience in detecting the odor of marijuana. Accordingly, we find that the officers had the requisite probable cause necessary to search the grey Lexus under the automobile exception. *State v. Evans*, 8th Dist. Cuyahoga No. 94984, 2011-Ohio-3046, ¶ 15.

{¶20} Turning to the scope of Officer Myers's search, we note that, having probable cause to conduct a search of the car, the officers were justified in searching "every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). In this case, Officer Myers testified that once he entered the vehicle he immediately noticed, in addition to the smell of burnt marijuana, contraband indicative of drug trafficking, including a digital scale and plastic baggies scattered underneath the passenger seat. On examination of the center console, Officer Myers noticed that the molding was displaced. Believing, based on his training and experience, that the console may be concealing illegal contraband, Officer Myers lifted the displaced molding and observed a baggie of marijuana. Based on the discovery of the marijuana, Officer Myers removed the entire molding and discovered a large bag of heroin and a firearm. Having probable cause to search the vehicle, we find Officer Myers's conduct to be reasonable and within the confines of the automobile exception.

{¶21} In challenging the scope of Officer Myers's search, appellant cites the Ohio Supreme Court's decision in *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985. In *Farris*, police officers searched the defendant's entire vehicle, including

No. 85100, 2005-Ohio-3017, ¶ 27.

the trunk, after detecting the odor of marijuana in the passenger compartment of the vehicle. They then arrested the defendant. The court opined that "[a] trunk and a passenger compartment of an automobile are subject to different standards of probable cause to conduct searches." *Farris* at ¶ 51. Consequently, the court held, "[t]he odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of the vehicle." *Id*. at ¶ 52.

{¶22} Relying on *Ferris*, appellant contends that Officer Myers's decision to remove the center console molding in his vehicle was overly intrusive and far exceeded a search of the passenger compartment. Appellant submits that the "dismantling" of his center console was more analogous to the search of a truck and, therefore required additional factors beyond the odor of burnt marijuana to justify the warrantless search.

{¶23} Initially, we note that *Ferris* appears to be inapplicable to the case at hand. *See State v. Chase*, 2d Dist. Montgomery No. 25322, 2013-Ohio-2346, fn. 2 (noting that a discussion of *Farris* was not necessary where the search of defendant's vehicle did not extend to the trunk). Here, the challenged conduct did not involve the search of appellant's trunk, and appellant has presented no case law to support his position that *Farris* would apply to searches conducted within the interior of the vehicle at issue.

{¶24} Moreover, even if this court were to accept appellant's position that the "dismantling" of his center console was analogous to the search of a trunk, we find *Ferris* to be distinguishable from the case at bar. Unlike the facts presented in *Farris*, the odor of burnt marijuana was not the sole basis of the officers' probable cause to search

appellant's entire vehicle. Here, officers Myers and Hayduk observed additional indicia of drug activity, including an "extremely large bundle of money in [appellant's] pocket," a digital scale, and baggies commonly used to distribute drugs. As such, we find that this case is similar to cases where other evidence, in addition to the odor of burnt marijuana, established probable cause to allow the officer to search the entire vehicle, including the trunk. *See, e.g., State v. Greenwood*, 2d Dist. Montgomery No. 19820, 2004-Ohio-2737 (officer observed marijuana on the passenger seat and floorboard); *State v. Whatley*, 5th Dist. Licking No. 10-CA-93, 2011-Ohio-2297 (officer found marijuana in the passenger compartment of the car in plain view, was given a false name by defendant, and the driver made an attempt to get into the trunk as she was walking toward the officer's cruiser); and *State v. Griffith*, 2d Dist. Montgomery No. 24275, 2011-Ohio-4476 (officer found marijuana in plain view in the passenger compartment, defendant was in a parking lot where high occurrences of drug activity were known to occur, and defendant drove evasively from officer).

**{¶25}** Under the totality of the circumstances, we find that the search of appellant's vehicle was supported by sufficient probable cause and did not violate appellant's constitutional rights. Thus, the trial court did not err in denying appellant's motion to suppress.

**{¶26}** Appellant's first assignment of error is overruled.

## B. Mandatory Fine

**{¶27}** In his second assignment of error, appellant argues that the trial court erred when it imposed a $10,000 fine as part of his sentence.

**{¶28}** R.C. 2929.18, which governs financial sanctions in general, provides that a trial court may impose a maximum fine of $20,000 on a defendant convicted of a first-degree felony. R.C. 2929.18(A)(3). The statute goes on to require the trial court to impose on a defendant convicted of drug offenses of the first, second, or third degree, a mandatory minimum fine of one-half of the maximum fine. R.C. 2929.18(B)(1).

**{¶29}** Furthermore, R.C. 2929.18(B)(1) prescribes the manner in which the court shall proceed in waiving the mandatory fine for an indigent offender. It provides that if an offender "*alleges in an affidavit filed with the court prior to sentencing* that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine * * *, the court shall not impose the mandatory fine upon the offender." (Emphasis added.) R.C. 2929.18(B)(1).

**{¶30}** Thus, in order to avoid an imposition of the mandatory fine, the defendant must (1) submit an affidavit of indigency to the court prior to sentencing, and (2) the court must find that "the offender is an indigent person and is unable to pay the mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

**{¶31}** In this case, appellant did not file with the trial court prior to sentencing an affidavit alleging that he was indigent and unable to pay the mandatory fine. Without

such filing, the trial court did not err when it imposed the mandatory fine pursuant to R.C. 2929.18(B)(1).

**{¶32}** Moreover, we note that although the trial court found that appellant was indigent for the purpose of appointing appellate counsel, "a determination that a criminal defendant is indigent for the purpose of receiving counsel does not prohibit the trial court from imposing a fine." *State v. Mock*, 187 Ohio App.3d 599, 2010-Ohio-2747, 933 N.E.2d 270, ¶ 62 (7th Dist.).

**{¶33}** Based on the foregoing, appellant's second assignment of error is overruled.

### C. Forfeiture of Property

**{¶34}** In his third assignment of error, appellant argues that the trial court erred in ordering forfeiture of his vehicle, digital scale, gun, cell phone, and cash.

**{¶35}** Generally, forfeiture is not favored in the state of Ohio. *State v. Clark*, 173 Ohio App.3d 719, 2007-Ohio-6235, 880 N.E.2d 150, ¶ 8 (3d Dist.). "Whenever possible, [forfeiture] statutes must be construed so as to avoid a forfeiture of property." *State v. Lilliock*, 70 Ohio St.2d 23, 26, 434 N.E.2d 723 (1982).

**{¶36}** R.C. 2981.02 specifies three kinds of property that may be forfeited to the state: (1) contraband involved in an offense, (2) proceeds derived from or acquired through the commission of an offense, or (3) an instrumentality that is used in or intended to be used in the commission or facilitation of a felony.

**{¶37}** "Contraband" is defined as property that is illegal for a person to acquire or possess under a statute, ordinance, or rule, or that a trier of fact determines to be illegal to

possess by reason of the property's involvement in an offense. R.C. 2901.01(A)(13). "Proceeds" in matters involving unlawful goods means any property derived directly or indirectly from an offense. R.C. 2981.01(B)(11)(a). An "instrumentality" is property that is otherwise lawful to possess but is used or intended to be used in an offense. R.C. 2981.02(A)(3).

{¶38} In determining whether property was used or intended to be used in the commission of an offense, the trier of fact should consider (1) whether the offense could not have been committed or attempted but for the presence of the instrumentality; (2) whether the primary purpose in using the instrumentality was to commit or attempt to commit the offense; and (3) the extent to which the instrumentality furthered the commission of the offense. R.C. 2981.02(B)(1), (2), and (3).

{¶39} The state must prove by a preponderance of the evidence that the property is subject to forfeiture. R.C. 2981.04(B); 2981.02. On review, an appellate court may not reverse the trial court's decision based on a preponderance of the evidence standard where there is "some competent, credible evidence going to all the essential elements of the case." *State v. Hall*, 8th Dist. Cuyahoga No. 92952, 2010-Ohio-1665, ¶ 22, quoting *C. E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶40} In the instant case, appellant did not object at the time of sentencing to the forfeiture of the items or to the factual basis supporting the forfeiture. As such, he has waived all but plain error on this issue. In order to have plain error under Crim.R. 52(B),

there must be an error, the error must be an "obvious" defect in the trial proceedings, and the error must have affected "substantial rights." *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Plain error is to be used "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id*., quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶41} On review of the record, we find the trial court possessed competent, credible evidence that the property seized by the police was subject to forfeiture. Here, the state asked the court to incorporate the facts presented at the suppression hearing into its consideration of the forfeiture specifications at issue and the acceptance of appellant's no contest plea. In our view, the testimony presented at the suppression hearing established that appellant's grey Lexus unquestionably acted as an instrumentality of a felony offense because it was used to transport and conceal drug contraband. Similarly, appellant's cell phone and digital scale were reasonably found to have been used by appellant to facilitate drug trafficking. Finally, the money discovered in appellant's possession at the time of his arrest was reasonably found to have been proceeds of illegal drug activity. Accordingly, we cannot say that the trial court committed plain error in ordering appellant to forfeit the complained-of property.

{¶42} Appellant's third assignment of error is overruled.

{¶43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR